660 P.2d 940

**Rex WRIGHT, Petitioner-Respondent,**

v.

**Ed DERMITT, Warden, Idaho State Prison, and the State of Idaho, Respondents-Appellants.**

**Randy ZIEGLER, Petitioner-Respondent,**

v.

**STATE of Idaho, Respondent-Appellant.**

Nos. 13842, 14076.

Supreme Court of Idaho.

March 14, 1983.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Robert R. Gates, Deputy Atty. Gen., Boise, for respondents-appellants.

Richard D. Toothman, David Z. Nevin and Klaus Wiebe, Boise, for petitioners-respondents.

Before DONALDSON, C.J., SHEPARD, BISTLINE and HUNTLEY, JJ., McFADDEN, J., Pro Tem.

PER CURIAM.

Respondents in these two appeals are inmates at the Idaho State Correctional Institution (ISCI). They filed petitions for writs of habeas corpus, contending they were denied their constitutional rights by being placed in the maximum security unit at ISCI without due process. Their petitions were denied at the magistrate level, and the denials were reversed on appeal to the district court.

The issue presented is whether persons sentenced to the state prison have the right to a hearing, with minimal procedural due process safeguards, before being placed in maximum security confinement for administrative reasons. This court has previously determined that due process dictates a hearing be held before prisoners may be placed in maximum security confinement for disciplinary reasons. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978); *Calkins v. May,* 97 Idaho 402, 545 P.2d 1008 (1976). In *State v. Wolfe, supra,* we noted that the United States Supreme Court had recently affirmed a federal district court decision requiring certain procedural due process protections in the confinement of inmates in maximum security units for administrative reasons. *Enomoto v. Wright,* 434 U.S. 1052, 98 S.Ct. 1223, 55 L.Ed.2d 756 (1978). In *Calkins v. May, supra,* we relied on the minimum procedural requirements set out in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The question now is whether these limited due process safeguards extend to administrative custody classifications whereby prisoners are placed in maximum security confinement. We hold that they do.

Since, subsequent to the filings by petitioners and prior to this appeal, regulations have been adopted at the prison which do establish minimum procedural safeguards attendant to custody classification procedures, there remains no issue for us to determine, and the decisions of the district court in each action are therefore affirmed.

BISTLINE, Justice, specially concurring.

Although I concur in affirming the judgment of the district court, I believe that the

basis of the district court's decision is worthy of note. Accordingly, I have set forth what I believe to be the salient portions of the opinion by Judge Walters, upon which the district court relied in this case, in the related case of *Crawford v. Dermitt,* 104 Idaho 473, 660 P.2d 938 (1983) (Sup.Ct.).