672 P.2d 1073
**STATE of Idaho, Plaintiff-Respondent,**

v.

**James Wesley SWAIN,
Defendant-Appellant.**

**No. 14734.**

Court of Appeals of Idaho.

Dec. 6, 1983.

Charles B. Lempesis, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Appellant James Swain pled guilty to rape. I.C. § 18–6101. He was sentenced to a fixed term of twenty years in the custody of the State Board of Correction. He appeals from that sentence claiming it was unduly harsh. We affirm.

If a sentence is within the statutory maximum, it will not be disturbed on appeal absent a clear abuse of discretion. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982). The appellant must affirmatively show an abuse of discretion. *Id.* Since the maximum sentence for rape is life imprisonment, I.C. § 18–6104, Swain must make the required showing.

An appellant shows a clear abuse of discretion by demonstrating that the sentence imposed was unreasonable. *State v. Toohill, supra.* A sentence is reasonable if, at the time of sentencing, it appears necessary to accomplish the goal of protecting society and any or all of three related goals: deterence, rehabilitation or retribution. *Id.; State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). A sentence of confinement longer than is necessary for these purposes is unreasonable. *State v. Toohill,* 103 Idaho at 568, 650 P.2d at 710. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria. *Id.*

When the fixed term, twenty-year sentence was imposed, the district judge indicated that he had considered the protection of society his primary responsibility in this case, but also that he had considered the circumstances surrounding the case, Swain's prior record and the possibility of Swain's rehabilitation. Although the record on appeal lacks the presentence report, it does show that Swain had previously been convicted of rape under facts similar to the case before us. He has also been convicted of kidnapping. Just before committing the crime here, he completed the six-month "in-patient phase of the sexual psychopath" program at Eastern State Hospital in Washington. Furthermore, during

the commission of the instant crime, he threatened harm to the victim's family.

Swain argues that the fixed sentence in this case does not allow for an earlier release should he be completely rehabilitated. He claims this renders the sentence unduly harsh and counterproductive. As we noted earlier, the district court considered the possibility of rehabilitation. The imposition of a fixed sentence may well reflect skepticism about Swain's rehabilitative prospects; but upon this record we cannot say that such skepticism would be unfounded. The sentence is consistent with the primary goal of protecting society. We conclude that the sentence does not represent an abuse of discretion. Accordingly, we affirm the sentence.