759 P.2d 950

**William F. WOLFE, Plaintiff–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 16959.**

Court of Appeals of Idaho.

Aug. 3, 1988.
Petition for Review Denied
Dec. 8, 1988.

William F. Wolfe, pro se.

Jim Jones, Atty. Gen. by Timothy D. Wilson, Deputy Atty. Gen., Boise, for respondent.

## PER CURIAM.

This is an appeal from the summary dismissal of a petition for a writ of habeas corpus. The sole issue is whether the petitioner, an inmate at the Idaho State Correctional Institution (ISCI), was denied his Fourteenth Amendment right to procedural due process when he was classified as a "close custody" prisoner. Upon the record presented, we hold that a due process violation has not been established.

When a petition is dismissed without an evidentiary hearing, an appellate court will view the alleged facts in a light most favorable to the petitioner. *See Mahaffey v. State*, 87 Idaho 228, 392 P.2d 279 (1964). So viewed, the facts here are as follows. Subsequent to his initial incarceration in the ISCI, William Wolfe was moved from "close custody" to "medium" custody, affording him a greater measure of freedom within the prison. Some three years later, Wolfe received a disciplinary offense report for being intoxicated within the prison. A disciplinary hearing on the charge was held and Wolfe was found guilty. Wolfe then was taken before the ISCI Classification Committee for a redetermination of the appropriate custody status. A hearing was held. Wolfe was provided notice of the information to be used against him, the assistance of another inmate in presenting his viewpoint on the classification question, and the opportunity to present witnesses on his behalf.

During the hearing, prison officials presented information gleaned from Wolfe's presentence investigation report to the effect that Wolfe had been charged with escape while previously in custody in California. Evidently, the charge never went to trial. Nevertheless, as a result of the escape charge, Wolfe was assessed a number of classification "points" which rendered him ineligible for the less restrictive "medium" or "minimum" custody. Wolfe then filed a habeas corpus petition in the magistrate division of the district court, alleging that he was denied due process because the presentence report was hearsay evidence of the escape charge and because the charge itself had not been proven. A magistrate denied the petition without a hearing. On appeal to the district court, the magistrate's decision was upheld. This appeal followed.

■ A threshold question is whether Wolfe possesses a protected liberty interest in his classification status, requiring due process procedural safeguards to be satisfied before that status may be restricted. A protectable liberty interest in custody classification status may be created where a statutory or regulatory scheme provides a legitimate expectation in a particular classification. *Cf. Izatt v. State*, 104 Idaho 597, 661 P.2d 763 (1983) (lack of such expectancy precludes liberty interest in parole). Our Supreme Court already has held that an inmate is entitled to a hearing with minimal procedural safeguards before being placed in "maximum security" confinement for administrative or for disciplinary reasons. *See State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978) (disciplinary reasons); *Wright v. Dermitt*, 104 Idaho 475, 660 P.2d 940 (1983) (administrative reasons). Today, for the sake of discussion, we will assume—without deciding—that a similar right to minimal due process exists for classification to "close custody."

■ This said, we nonetheless are constrained to hold that Wolfe has not presented a cognizable claim of a due process violation. The mere fact that the classification committee relied upon information appearing in Wolfe's presentence report does not constitute such a violation. Although the report was hearsay evidence of the existence of the escape charge, it was not for that reason improperly considered. Prison administrative and disciplinary proceedings are subject neither to the Rules of Evidence nor the provisions of the Administrative Procedure Act. *See* I.C. § 67–5201(1); I.R.E. 101. We hold that the process due in a prison classification hearing does not preclude hearsay evidence which the committee reasonably deems to be reliable.

■ We also decline to interfere with the committee's decision to assess "points" upon an escape charge that had not been tried and proven. We cannot say that a committee acts arbitrarily when it ascribes a risk to an inmate who has been charged with escape. Again, it is important to note that the committee in this case acted only after Wolfe had received notice, a hearing, the right to present his side of the issue, and the opportunity to present witnesses on his own behalf.

The decision of the district court, upholding the magistrate's order dismissing the petition for a writ of habeas corpus is affirmed.