766 P.2d 1280

Sally J. NEEDS, Petitioner–Respondent

v.

The **IDAHO STATE DEPARTMENT OF CORRECTION AT OROFINO, and the agents and servants thereof, Respondents–Appellants.**

No. 17310.

Court of Appeals of Idaho.

Dec. 30, 1988.

**400**

Jim Jones, Atty. Gen., Timothy D. Wilson, Deputy Atty. Gen., Boise, for respondents-appellants.

Lance D. Churchill, Boise, for petitioner-respondent.

PER CURIAM.

In this appeal by the Department of Correction, the sole issue is whether the district court erred by concluding that costs and attorney fees should be awarded to Sally Needs, the petitioner in a habeas corpus action. We vacate the order granting the award and we remand this case for further proceedings.

Sally Needs is an inmate in the custody of the State Board of Correction. She petitioned the district court for a writ of habeas corpus, alleging that she had been denied due process with regard to several disciplinary proceedings against her for violation of prison regulations while she was incarcerated. She also requested an award of costs and attorney fees under I.C. § 12–117 and I.C. § 12–121. The district court denied relief to Needs on all but one of the claims alleged in her petition. As to that single claim, the court found that Needs had been denied due process in respect to a disciplinary offense report. The court ordered the report expunged from Needs' institutional record. The court also determined that Needs was entitled to an award of reasonable attorney fees and costs. However, the court did not specify any grounds for the award in its initial order or in a subsequent order denying a motion by the Department disputing the award.

On appeal, the Department challenges only the court's determination that Needs was entitled to the award of costs and fees; evidently the *amount* of the award has not yet been fixed by the court. The Department argues that entitlement to the award falls within the discretionary power of the court and, without a statement by the court of its reasons for the award, a review of the court's exercise of its discretion in making the award has been impeded. We agree.

■ We turn first to whether the award could have been made by the court under I.C. § 12–117. Both parties have assumed on appeal that the district court's award of fees and costs might have been made under that statute.[1] Consequently, they have argued at length concerning whether the award properly can be upheld under that statute. However, in our view, I.C. § 12–117 is inapplicable to this proceeding.

Idaho Code § 12–117 does not apply to every action where a state agency is named as a party. The statute specifically identi-

---

1. In relevant part, I.C. § 12–117 provides:
   (1) In any administrative or civil judicial proceeding involving as adverse parties a state agency and a person, the court shall award the person reasonable attorney's fees, witness fees and reasonable expenses, if the court *finds in* favor of the person and also finds that the state agency acted without a reasonable basis in fact or law.

   (2) If the person is awarded a partial judgment and the court finds the state agency acted without a reasonable basis in fact or law, the court shall allow the person attorney's fees, witness fees and expenses in an amount which reflects the person's partial recovery.

fies the agencies within its purview. I.C. § 12–117(4)(b) recites: " 'State agency' shall mean any agency as defined in section 67–5201(1), Idaho Code." The latter statute provides: " 'agency' means each state board, commission, department or officer authorized by law to make rules or to determine contested cases, *except* those in the legislative or judicial branch, the state militia and *the state board of corrections* [sic]; ..." [Emphasis supplied.] Pursuant to these legislative declarations, I.C. § 12–117 clearly does not apply to actions in which the Board of Correction is a party. By statute, the Board of Correction exercises its constitutional and statutory authority and functions "through the instrumentality of a department of correction...." I.C. § 20–201(3). Here, the Department was named as the respondent in Needs' petition for writ of habeas corpus. The petition alleged violations of due process at the correctional facility operated by the Department at Orofino, Idaho. It follows that it would have been error for the district court below to award fees and costs against the Department under I.C. § 12–117. The award could have been made only under I.C. § 12–121.

■ In relevant part, I.C. § 12–121 provides that in any civil action,[2] the judge may award reasonable attorney fees to the prevailing party. Our Supreme Court has held that this statute permits an award of costs and fees against a state board. *Rickel v. Board of Barber Examiners*, 102 Idaho 260, 629 P.2d 656 (1981). However, the statute has been supplemented by I.R.C.P. 54(e)(1) and 54(e)(2). Rule 54(e)(1) provides that attorney fees under I.C. § 12–121 may be awarded only when the court finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation. Additionally, Rule 54(e)(2) requires the court—whenever an award of fees is made pursuant to I.C. § 12–121—to make a written finding, either in the award or in a separate document, as to the basis and reasons for awarding such fees. The purpose of giving the reasons for such an award (as well as stating reasons when no award is made) is to provide the appellate court with a meaningful basis to review the trial court's exercise of discretion. *See e.g., First Security Bank of Idaho v. Absco Warehouse, Inc.*, 104 Idaho 853, 664 P.2d 281 (Ct.App.1983).

■ Here, the district court's failure to comply with I.R.C.P. 54(e), coupled with the possibility that the court may have intended to make the award under I.C. § 12–117, leads us to conclude that the court did not properly exercise its discretion. Where a trial court misapplies rules relating to discretionary awards of attorney fees, the appropriate appellate response is to remand the case for reconsideration. *See In the Matter of Estate of Kunzler*, 109 Idaho 350, 707 P.2d 461 (Ct.App.1985). Consequently, we vacate the order determining that Needs is entitled to an award of fees and costs, and we remand the case to the district court for further consideration of this question.

The Department also contends that if Needs is entitled to an award, the Department should receive an offsetting award of fees and costs with respect to all the original claims in the habeas corpus proceeding upon which Needs failed to obtain any relief from the district court. *See* I.C. § 12–122 (allowing an award of attorney fees and costs to the respondent in a habeas corpus action brought by an inmate, where the court ultimately finds that the action had no basis in fact or that, as a matter of law, relief to the petitioner would not be justified). However, the record does not disclose that the Department presented a request for such an offset under I.C. § 12–122 to the district court. It appears this asserted right is being urged for the first time on appeal. Under the circumstances, we decline to address the merits of

2. A habeas corpus proceeding is a civil action. *Jacobsen v. State,* 99 Idaho 45, 577 P.2d 24 (1978).

**402**

the Department's demand. *Christensen v. Idaho Land Developers, Inc.,* 104 Idaho 458, 660 P.2d 70 (Ct.App.1983).

The case is remanded to the district court for further proceedings consistent with this opinion. No costs or fees allowed on appeal.