769 P.2d 1132

**Lacey SIVAK, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 17667.**

Court of Appeals of Idaho.

March 3, 1989.

Lacey Sivak, pro se.

No appearance by respondent.

PER CURIAM.

Lacey Sivak, a prison inmate who was briefly incarcerated at the Ada County jail, seeks our review of a district court order dismissing his appeal from a magistrate's order which denied his petition for a writ of habeas corpus. Although the case has been captioned as *"Lacey Sivak v. State of Idaho,"* Sivak's petition was directed at Ada County. Sivak alleged that when he became involved in an altercation with another jail inmate, the jail authorities put him on "lockdown" status without a hearing. The petition further alleged that prisoners on "lockdown" status were afforded fewer privileges than other prisoners. The magistrate denied the petition, finding the allegations insufficient to warrant relief. The district judge dismissed Sivak's appeal upon the ground that the case was moot. Today we affirm the district court's order.

The district court determined the case to be moot because Sivak had been transferred from the Ada County jail, where the "lockdown" occurred, to the Idaho State Correctional Institution. The district court took judicial notice that the "lockdown" condition no longer existed and was unlikely to recur.

Whether a case should be dismissed for mootness is a question of law, subject to free review. In general, when the relief requested by a habeas corpus petitioner will not affect his current conditions of confinement, the case is moot and a court need not adjudicate the petition on the merits. *Russell v. Fortney,* 111 Idaho 181, 722 P.2d 490 (Ct.App.1986). This general rule is subject to an exception, however, if an alleged constitutional violation is likely to be repeated, the duration of the violation to any one individual's rights is predictably less than the time ordinarily required to obtain a hearing on the issue, and the alleged violation is of strong public interest. *Gawron v. Roberts,* 113 Idaho 330, 743 P.2d 983 (Ct.App.1987); *Mallery v. Lewis,* 106 Idaho 227, 234, 678 P.2d 19, 26 (1983).

Here, Sivak has alleged that he was denied due process. Although denials of due process typically are of strong public interest, that interest is adequately served in this case by reiterating the due process rights of prisoners—as we now shall proceed to do—rather than by attempting to craft habeas corpus relief for a condition that no longer affects Sivak's confinement.

Our Supreme Court has held that a state prisoner is entitled to a hearing, with certain minimum due process safeguards, when placed in maximum security confinement for disciplinary or administrative reasons. *Wright v. Dermitt,* 104 Idaho 475, 660 P.2d 940 (1983); *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). As noted above, Sivak's petition alleged that "lockdown" status in the Ada County jail resulted in significant restrictions on privileges otherwise available to inmates. Taking this allegation to be true, the magistrate should have determined whether such restrictions were similar in scope to those imposed on prison inmates when placed in maximum security. If so, a procedural due process right would have been implicated and the magistrate could not have denied Sivak's petition without addressing this issue.

Having confirmed the due process rights of prisoners, we nevertheless uphold the district court's determination of mootness in Sivak's case. Not only is Sivak unlikely to be denied due process in the future at the Ada County jail, it also appears that Sivak's petition alleges no pattern of violations affecting the rights of other jail inmates. Accordingly, we affirm the district court's order of dismissal. No costs or attorney fees awarded on appeal.