778 P.2d 818

Howard **DAVIDSON** d/b/a **D & E Construction, Plaintiff–Respondent,**

v.

**BECO CORPORATION and Beco Construction Company, Inc., Defendants–Appellants.**

No. 17599.

Court of Appeals of Idaho

Aug. 24, 1989.

Mark R. Fuller, Fuller & Carr, Idaho Falls, for defendants-appellants.

James D. Holman, Holden, Kidwell, Hahn & Crapo, Idaho Falls, for plaintiff-respondent.

Before BURNETT, Acting C.J., SWANSTROM, J., and HART, J. Pro Tem.

PER CURIAM.

This case presents an issue regarding attorney fees. It is on appeal for a second time. The first appeal was heard by our Court, 112 Idaho 560, 733 P.2d 781 (Ct.App. 1986), and by the Supreme Court, 114 Idaho 107, 753 P.2d 1253 (1987). That appeal was taken from a judgment in favor of Howard Davidson in his debt collection action against two corporate defendants, Beco Corporation and Beco Construction Company, Inc., and two individual defendants, Doyle and Elizabeth Beck. We upheld the judgment against the corporate defendants, but reversed it with respect to the individual defendants. The Supreme Court reached the same result, although its reasoning was somewhat different from our own.

The case was remanded to the district court to reconsider appropriate awards of attorney fees under I.C. § 12–120. The district court previously had awarded $10,-090.00 in fees to Davidson as against all defendants. Our partial reversal of the judgment on appeal made it necessary on remand (a) to determine a proper award to Davidson solely against the corporate defendants, and (b) to determine a proper award to the individual defendants as against Davidson. The district court on remand entered a judgment awarding Davidson the same amount against the corporate defendants that had been awarded to him previously against all defendants. The court awarded $1,004.00 to the individual defendants against Davidson. The individual defendants assigned their attorney fee award to the corporate defendants, who then filed this appeal. The corporations now assert that the award against them was excessive and that the award in favor of the individual defendants was inadequate. Today, for reasons set forth below, we vacate the judgment containing these awards, and we remand the case again to the district court for further consideration.

We acknowledge that the task of fixing a reasonable attorney fee is necessarily imprecise; accordingly, it is committed to the trial judge's sound discretion. The award will not be overturned as to amount by an appellate court unless it represents an abuse of that discretion. *E.g., Craft Wall of Idaho, Inc. v. Stonebraker*, 108 Idaho 704, 701 P.2d 324 (Ct.App.1985). However, the discretion is not unbridled. When reviewing an exercise of discretion, we inquire (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to any specific choices; and (3) whether the court reached its decision by an exercise of reason. *Standards of Appellate Review in State and Federal Courts*, § 3.4 IDAHO APPELLATE HANDBOOK (Idaho Law Foundation, Inc., 1985). Here, with respect to each of the awards challenged on appeal, the critical question is whether the judge made his decision consistently with applicable legal standards.

698

We first consider the award to Davidson of the same amount, $10,090.00, that previously had been awarded to him against all of the defendants. This figure was based upon an affidavit of Davidson's attorney, detailing his time and charges. It is evident from the affidavit that a substantial portion of the attorney's time was devoted to obtaining a judgment imposing personal liability upon the individual defendants. As we have mentioned, that is the very portion of the judgment which was overturned in the first appeal.

After the remand, the district court explained that it would not change the original attorney fee award because Davidson's attorney had been successful in showing a unity of ownership and interest between the corporate defendants and the individual defendants. However, as explained in the decisions of our Court and the Supreme Court, counsel had not adduced proof satisfying the second requirement for imposition of personal liability—a showing that recognition of the corporate shield would sanction a fraud or promote injustice. It was for this reason that the judgment was reversed insofar as it purported to impose personal liability on Doyle and Elizabeth Beck.

■ In this procedural and factual setting, the question before us is whether one defendant or set of defendants (here, the corporations) must pay for the work of the plaintiff's attorney on a claim unsuccessfully made against other defendants. We hold that the answer is "no". We acknowledge, of course, that a close relationship exists among all of the defendants in this case; however, that does not alter the fundamental fact that Davidson did not prevail on his claim against the individual defendants. Accordingly, none of the attorney fees for work devoted exclusively to that unsuccessful claim can be awarded. We are not unmindful of the district court's attempt to reach an equitable result in this case. But an attorney fee award is not the proper place to give a litigant relief that was unavailable or precluded in the main action. *Bank of Idaho v. Colley*, 103 Idaho 320, 326, 647 P.2d 776, 783 (Ct.App. 1982).

■ We now consider the award of $1,004.00 made to the individual defendants, the Becks, for their successful defense against Davidson's claim. The Becks' attorney had submitted an affidavit of time and charges, setting forth his allocation of services devoted to the successful defense of the Becks and to the unsuccessful defense of the corporate defendants. Counsel indicated that his total fee for all time devoted to the case was $5,025.00, of which he would allocate $4,031.25 to the defense of the Becks. The district court did not expressly reject that allocation. Rather, the court made its own allocation. The judge suggested that the defense of the Becks constituted only 16% of the case because approximately 16% of the pages in the Court of Appeals' published opinion in the first appeal had discussed the question of the Becks' liability.

With all due respect to the district court, we are constrained to say there is no facile equation between the number of pages consumed by an appellate opinion and the reasonable fees incurred by an attorney at the trial level. The factors to be considered in fixing attorney fees, in addition to time and charges, are enumerated in I.R.C.P. 54(e)(3). Although the rule allows the court to consider "[a]ny other factor which the court deems appropriate in the particular case," we hold that allocation by pagination is not a permissible factor.

Accordingly, the judgment of the district court on attorney fees is vacated, and the case is remanded for further consideration consistent with this opinion. Costs to the appellants. Because the instant appeal was taken solely from the amounts of attorney fee awards by the trial court, no attorney fees on appeal are awarded under I.C. § 12–120. *See DeWils Interiors, Inc. v. Dines*, 106 Idaho 288, 678 P.2d 80 (Ct. App.1984). Neither do we find an award appropriate in this case under I.C. § 12–121.