795 P.2d 912

Sally J. NEEDS,
Petitioner–Respondent on Appeal,

v.

STATE of Idaho,
Respondent–Appellant on Appeal.

No. 18188.

Court of Appeals of Idaho.

July 25, 1990.

Jim Jones, Atty. Gen. by Robert R. Gates, Deputy Atty. Gen., Boise, for respondent-appellant on appeal.

Churchill & Vander Boegh, Boise, for petitioner-respondent on appeal. Lance D. Churchill argued.

PER CURIAM.*

In this appeal by the Department of Correction, we are asked for the second time to decide whether the district court erred by awarding certain costs and attorney fees to

---

* Prior to his resignation on July 16, 1990, BURNETT, J., voted to affirm the district court's award of fees, but to not allow fees on appeal.

Sally Needs in a habeas corpus action. We affirm the award.

Sally Needs is an inmate in the custody of the State Board of Correction. She petitioned the district court for a writ of habeas corpus, alleging that she had been denied due process in several disciplinary proceedings against her. In her petition, Needs also sought an award of costs and attorney fees under I.C. §§ 12–117 and 12–121. The district court denied relief to Needs on all but one of the claims alleged in her petition. As to that single claim, the court found that Needs had been denied due process in respect to the hearing on a disciplinary offense report, and awarded Needs costs and attorney fees. The Department appealed the award. In *Needs v. State*, 115 Idaho 399, 766 P.2d 1280 (Ct. App.1988), we disallowed any attorney fee award under I.C. § 12–117, holding that it did not apply, but we remanded to the district court for specific findings on the basis for its award under I.C. § 12–121.[1] On remand, the district court concluded that the Department had defended the petition frivolously because Needs clearly had been given ineffective notice of one disciplinary hearing. The Department again has appealed.

The Department now argues that attorney fees should not have been awarded below because (1) Needs was not the prevailing party and (2) the state's defense was not frivolous. We will address each contention in turn.

We first note our standard of review. An award of attorney fees under I.C. § 12–121 is addressed to the trial court's discretion. *Turner v. Willis*, 116 Idaho 682, 778 P.2d 804 (1989). However, that discretion is not untrammeled. When reviewing an exercise of discretion, we inquire (1) whether the lower court rightly perceived the issue as one of discretion, (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices, and (3) whether the court

reached its decision by an exercise of reason. *Davidson v. Beco Corp.*, 116 Idaho 696, 778 P.2d 818 (Ct.App.1989). Here, the critical question is whether the judge made his decision consistently with applicable legal standards.

We first address the Department's contention that Needs was not the prevailing party below. Idaho Code § 12–121 provides that attorney fees can be awarded only to a prevailing party. *Barlow's, Inc. v. Bannock Cleaning Corp.*, 103 Idaho 310, 647 P.2d 766 (Ct.App.1982) (review denied). The Department asserts that because Needs did not prevail before the district court on *all* issues raised in her petition she was not the prevailing party. We are not persuaded. While it is true that the district court did not provide relief to Needs on every issue, she did prevail on the contention that went to a hearing before the district court. After that hearing, the district court specifically held that the Department had violated the notice requirements for a hearing on a disciplinary offense report and instructed the Department to remove that report from Needs' records. By requiring the removal of the report from Needs' records, the district court granted Needs the relief toward which the several issues were directed. On this basis, she genuinely was the prevailing party. She received the relief she sought.

We now turn to the Department's second argument that it did not frivolously defend against Needs' petition. An attorney fee award under I.C. § 12–121 requires a finding that one party "brought or defended the action frivolously, unreasonably or without foundation." Here, the district court determined that the Department's defense was frivolous and unreasonable because the disciplinary report which the Department continued to defend lacked notice of the date and time of the hearing. It also lacked any description of the alleged violation. In *Wolff v. McDonnell*, 418 U.S. 539, 564, 94 S.Ct. 2963, 2978–79, 41 L.Ed.2d 935

---

**1.** I.C. § 12–121 permits an award of attorney fees to the prevailing party "in any civil action." It is well-established that habeas corpus is a

civil action. *Jacobsen v. State*, 99 Idaho 45, 577 P.2d 24 (1978).

(1974), the United States Supreme Court stated that, in prison disciplinary hearings, written notice of the charges must be given to the inmate in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. The Court also held that the inmate must have at least twenty-four hours to prepare a defense after being given such notice. The Court specifically determined that oral notice of the specific charges given at the time of the hearing was not adequate.

██ The Department nonetheless contended in this case that because Needs went ahead during her disciplinary hearing, and presented a defense against the charges, she was not prejudiced by the lack of adequate notice. We agree with the district court that this contention was unreasonable. The clear language of *Wolff* leaves no room for the Department to add an additional requirement that the defendant be prejudiced by the lack of notice. The Department's assertion that Needs should have moved for a continuance is meritless. The duty to provide Needs with adequate notice was on the Department. Needs, acting without legal representation during the disciplinary hearing, could not be required to move for a continuance in order to allow the Department to cure its own error.

In summary, we conclude that the Department's defense of the disciplinary report before the district court was unreasonable. We affirm the district court's award of attorney fees to Needs under I.C. § 12–121. Moreover, it is evident that the instant proceeding has not raised a genuine issue as to the legal standards governing the district court's discretion to award fees in the habeas action. Neither has it presented a cogent challenge to the judge's reasoning process in exercising that discretion. We conclude that the appeal was brought unreasonably and without foundation, entitling Needs to a reasonable award of fees incurred for representation in this matter. *See McPherson v. McPherson,* 112 Idaho 402, 732 P.2d 371 (Ct.App.1987); *Evans v. Park,* 112 Idaho 400, 732 P.2d 369 (Ct.App.1987); *McGill v. Lester,* 111 Idaho 841, 727 P.2d 1269 (Ct.App.1986). Costs and a reasonable attorney fee, to be determined under I.A.R. 41(d), to the respondent, Sally Needs.