804 P.2d 947

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William Kenneth MAGILL, Defendant–Appellant.**

**No. 18597.**

Court of Appeals of Idaho.

Jan. 29, 1991.

Douglas R. Whipple, Burley, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

William Magill appeals from his conviction for aggravated assault, a felony. I.C. §§ 18–901, –905. The charge arose from an incident occurring on August 30, 1989, when Magill drove his vehicle on Interstate 84 in Minidoka County and in Cassia County, allegedly in a manner that threatened violence and great bodily harm to another driver. In a separate but related case, Magill also pled guilty to driving his motor vehicle while intoxicated.

On appeal, Magill raises the following issues. He contends that venue for the aggravated assault charge should have been in Minidoka County, rather than in Cassia County. He argues that the same driving activity resulted in his convictions for driving under the influence and aggravated assault in violation of I.C. § 18–301 and the double jeopardy provisions of the United States Constitution. He contends he was improperly charged under I.C. § 19–2520—a penalty enhancing statute— with attempting to use his vehicle as a "deadly weapon" in the commission of the aggravated assault. Finally, he argues that the district court erred by not granting his motion to dismiss a charge under I.C. § 18–7018 which arose from Magill's actions in kicking out the window of a patrol car. For the following reasons, we affirm the judgment of conviction for aggravated assault.

I

Magill contends that proper venue for the charge of aggravated assault (by motor vehicle) was Minidoka County because the alleged threatening actions of Magill occurred mostly in Minidoka County while Magill and the victim were operating their vehicles along several miles of freeway. Only when the victim took evasive action at a freeway exit did the victim and Magill enter Cassia County, where the criminal charges were subsequently filed.

■ The state has advanced two arguments why Magill should be denied any relief on this point. First, the state contends that where a public offense is committed partly in one county and partly in another, the prosecution may occur in either county. I.C. § 19–304. Second, the state contends that by pleading guilty to aggravated assault Magill waived any defenses he may have had to the venue selected by the state for the prosecution of this charge. Because the record clearly supports the state's second argument we do not need to determine whether there is a factual basis shown for support of the state's first argument.

■ The question of which county in the State of Idaho should be the situs for prosecution of a crime occurring in this state is no longer a jurisdictional question. It is simply a question of venue. I.C. § 19–301(2). A valid plea of guilty waives all nonjurisdictional defects and defenses, including any defense of improper venue. *See State v. Tipton*, 99 Idaho 670, 587 P.2d 305 (1978); *State v. Rodriguez*, 118 Idaho 957, 801 P.2d 1308 (Ct.App.1990); *Hays v. State*, 113 Idaho 736, 747 P.2d 758 (Ct.App. 1987), *aff'd* 115 Idaho 315, 766 P.2d 785 (1988). The exception to this rule is created by the entry of a written conditional guilty plea, meeting the requirements of I.C.R. 11(a)(2), which expressly reserves specific issues for review on appeal. No such conditional plea was entered here. Magill's guilty plea was the result of a "STIPULATION: PLEA BARGAIN" agreement. He entered an *Alford* plea, as recognized in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to aggravated assault, not wishing to admit that he intended any threats against the driver of the other vehicle. Magill signed an "ACCEPTANCE OF GUILTY PLEA QUESTIONNAIRE," acknowledging that by pleading guilty he "waives any defenses he may have to the charges in the Information, to which he is pleading guilty." We hold that Magill's knowing, voluntary guilty plea waived any objection he might have had to venue.

II

■ Magill next contends that the district court erred in denying his motion to dismiss the charge of aggravated assault. Magill first asserts a violation of his statutory right not to be subjected to double

punishment under two criminal statutes for the same act or conduct. I.C. § 18–301 provides as follows:

> An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

Magill contends that his operation of a motor vehicle on August 30, 1989, was a single act for which he was convicted of driving under the influence, I.C. § 18–8004, and convicted of aggravated assault under I.C. §§ 18–901(b) and 18–905(b). Magill also contends that a prosecution for aggravated assault by motor vehicle in this case—after he pled guilty to driving under the influence—is barred by double jeopardy provisions of the United States Constitution. For this proposition Magill relies upon the recent Supreme Court decision in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). However, for the same reasons that we declined to address the venue issue, we decline also to address the double jeopardy arguments. Magill's voluntary guilty plea has waived such defenses without preserving any issue for review on appeal.[1]

### III

Magill's motion to dismiss also challenged the characterization by the state of the motor vehicle as a dangerous weapon. The state made this characterization in Count II of the information so that the sentence for aggravated assault could be enhanced because of the use of a "deadly weapon." I.C. § 19–2520.

This issue was not preserved for review on appeal. Even if preserved, the issue is moot. As part of the plea agreement, the state abandoned its charge under I.C. § 19–2520 that Magill used his motor vehicle as a "deadly weapon" for purposes of sentence enhancement.

### IV

■ Likewise, Magill's final issue is not reviewable. Initially, Magill was charged in Count III of the information with a felony under I.C. § 18–7018 for willful and intentional injury to a "place of confinement" as a result of damage he did to the door of a patrol car at the time of his arrest for driving under the influence. However, the state dismissed this charge also as part of the plea bargain agreement. Because the charge was dismissed, the district court's decision not to grant the motion for dismissal is now moot unless it appears that there are collateral consequences or there exists a serious need to review these issues. *See Sivak v. State*, 115 Idaho 760, 769 P.2d 1132 (Ct.App.1989); *Russell v. Fortney*, 111 Idaho 181, 722 P.2d 490 (Ct.App.1986). Magill has not pointed to any facts, nor have we found any in the record, suggesting that issues III and IV should be addressed rather than held to be moot.

For the above reasons, we affirm the judgment of conviction for aggravated assault.

WALTERS, C.J., and SILAK, J., concur.

---

1. The record presented to us on appeal makes it clear that Magill was not prosecuted or punished twice for the same acts. Two distinct episodes were involved. The first episode ended when a terrified motorist exited from the freeway to get away from Magill's motor vehicle. Magill also attempted to use the same exit but apparently lost control of his vehicle and ended up between the exit and the freeway. His actions were reported and an officer responded. A second episode began. The officer spotted Magill's motor vehicle stopped in the emergency lane. Before the officer could approach to investigate, Magill drove away "down the center of the eastbound lanes of Interstate 84, causing a semi-truck to take evasive action." After the officer stopped Magill's motor vehicle, he determined that Magill was under the influence of alcohol and he arrested Magill for driving under the influence on the basis of his observations. Under the "temporal" test discussed in *State v. Sterley*, 112 Idaho 1097, 739 P.2d 396 (1987), it is clear that the aggravated assault and the driving under the influence involved separate acts.