841 P.2d 448

James Wesley SWAIN, Plaintiff–
Appellant,

v.

STATE of Idaho, Respondent.

No. 19753.

Court of Appeals of Idaho.

Oct. 29, 1992.

See also 105 Idaho 743, 672 P.2d 1073.

James W. Swain, pro se appellant.

Larry EchoHawk, Atty. Gen. and Robert R. Gates, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from a decision of the district court upholding a magistrate's order dismissing an application for a writ of habeas corpus. The application was filed by a prisoner seeking relief from the level of classification given him by the Department of Corrections. We affirm.

The record demonstrates the following facts. The applicant, James Swain, was sentenced to a fixed term of twenty years in the custody of the Board of Correction upon a conviction for rape. *See State v. Swain*, 105 Idaho 743, 672 P.2d 1073 (Ct. App.1983). At the time he was committed to the custody of the Board, he was on probation under a suspended thirty-five year indeterminate sentence in the State of Washington for a similar crime and, in 1983, the Idaho Department of Corrections received a warrant from the State of Washington asserting its interest in pursuing a probation violation proceeding against Swain. Swain was not returned to Washington but remained in the custody of the Idaho authorities. He represents on this appeal that, by virtue of provisions in the Washington adjudication, his probation and suspended sentence would terminate in 1986.

While confined in a correctional facility in Clearwater County, Swain filed an application in the magistrate division of the district court in 1991 to obtain a writ of habeas corpus. He alleged in his petition that the notification from the State of Washington concerning probation violation was being treated as a detainer by the Idaho authorities; that the proceeding for probation violation was not subject to the Interstate Agreement on Detainers (title 19, chapter 50, Idaho Code) so as to permit his transfer to Washington for disposition of the probation violation charge; and that he has been placed in a higher level of classification for custody by the Idaho Department of Corrections than he would be subject to if there were not a detainer from Washington, restricting him from participation in rehabilitation and recreation programs. For relief, he prayed that the Washington warrant be expunged from his record and that his level of classification by the department be lowered.

The magistrate reviewed Swain's petition and entered an order requiring the state either to remove the Washington warrant from Swain's file and to establish his custody level without regard to the warrant, or to respond to Swain's petition within twenty days and show cause why the warrant should not be removed and Swain's level of custody modified accordingly. The state filed its response, conceding that the Washington probation violation warrant did not implicate the Interstate Detainers Act, but asserting that Swain did not have a constitutionally protected right to custody classification within the Idaho correction system and that other grounds, such as a prior conviction for escape, justified Swain's classification to a higher level of custody. Presented with the state's position, the magistrate dismissed Swain's petition, concluding that it failed to state sufficient grounds upon which a writ of habeas corpus may be granted. The magistrate's order was upheld on appeal to the district court.

Where a magistrate has summarily dismissed a petition for writ of habeas corpus, and the dismissal is upheld by the district court on an interim appeal, the standard for further appellate consideration is to conduct a free review of the magistrate's conclusions while giving due regard to the decision of the district court. *See* e.g., *Sivak v. State*, 119 Idaho 211, 804 P.2d 940 (Ct.App.1991); *Wolfe v. State*, 114 Idaho 659, 759 P.2d 950 (Ct.App.1988). The burden of showing error in the proceedings below is on the appellant. *Rohr v. Rohr*, 118 Idaho 689, 800 P.2d 85 (1990).

In his argument on appeal, Swain does not present any controlling authority—either by reference to statute or prior judicial decision—demonstrating that the magistrate erred in denying his petition. He makes several assertions in the nature of policy considerations to urge that the mag-

istrate should have ordered the Department of Corrections to disregard the Washington probation proceeding. In this respect he submits that, because no determination was ever made in the State of Washington to revoke his probation before the probationary period expired in 1986, the right of the State of Washington to proceed further against him must be deemed relinquished and the warrant for probation violation no longer effective after 1986. He also points out that the Interstate Agreement on Detainers Act provides a period of 180 days for the transfer of a prisoner, in response to a detainer, and argues that the same reason underlying such speedy action under that Act should apply to warrants for probation violation, even though the Act is not applicable to probation violation proceedings. Further, he maintains that Washington's inaction in pursuing its interest in prosecuting him for the alleged probation violation, for almost ten years, creates a bar to further action under the doctrine of laches. Accordingly, Swain contends that the Department of Corrections should have been ordered by the magistrate to disregard the Washington warrant, expunge it from his institutional record and to afford him a custody classification unaffected by the probation violation claim.

■ We are not persuaded by these arguments. It is undisputed that one of the purposes behind the act relating to interstate detainers is to encourage speedier dispositions of untried prosecutions for the adjudication of guilt following the commission of a crime and reduce the continuation of unsubstantiated charges which may have a detrimental effect on a prisoner's treatment. To the contrary, a probation violation proceeding may well be based on the prisoner's commission of the crime that resulted in his conviction and incarceration in the "sending" state and, because the conviction conclusively establishes the probation violation, the probation violation charge will not be unsubstantiated. *Carchman v. Nash*, 473 U.S. 716, 730–31, 105 S.Ct. 3401, 3409, 87 L.Ed.2d 516 (1985). Accordingly, the Interstate Agreement on Detainers Act does not apply to warrants or detainers asserting claims of alleged vio-

lation of probation. *Id.* at 734, 105 S.Ct. at 3410.

■ It is also clear that a prisoner subject to a probation violation detainer does not have a constitutional right to a speedy probation-revocation hearing. *Id.* at 731, n. 10, 105 S.Ct. at 3410, n. 10, *citing Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). The issuance of a probation violation warrant does not necessarily mean that the probation ultimately will be revoked; the probationary authority may exercise its discretion to dismiss the warrant or may decide, after a hearing, that probation should continue unrevoked. *Moody* at 87, 97 S.Ct. at 278. Consequently, we conclude that it is the prerogative of the State of Washington—not Idaho—to determine when and if further proceedings should be pursued to resolve the former's claim to Swain as a probation violator. Likewise, whether the equitable doctrine of laches may be asserted by Swain as a bar to the alleged probation violation is a question which should be determined by a Washington court, according to the applicable law in that forum, and not through an ancillary proceeding such as this one before a court in a foreign jurisdiction unfamiliar with Washington law and to whom no authority was cited to support the application of that doctrine in a Washington proceeding to establish a probation violation.

■ A related concern, of course, is whether Swain's custody classification level established by the department nevertheless should be modified in a collateral judicial proceeding. We conclude that it should not. By constitutional provision and statute, the power to control, direct and manage the state's correctional facilities is vested in the Board of Correction. Idaho Const. art. 10 § 5; I.C. § 20–201; I.C. § 20–244. This power obviously includes such matters as the discipline and classification of inmates for custody purposes. It is well settled that, under the separation of powers concept, the courts do not have jurisdiction to supervise ordinary prison affairs. *Mahaffey v. State*, 87 Idaho 228, 392

P.2d 279 (1964). *See also Wolfe v. State,* 114 Idaho 659, 759 P.2d 950 (Ct.App.1988) (determining classification status not violative of due process). The pending probation violation claim by the State of Washington does not vest the Idaho courts with any special authority to consider the impact of that claim on Swain's custody classification. A similar situation, involving an alleged parole violator, was addressed by the United States Supreme Court in *Moody, supra.* The Court there noted:

> Petitioner also argues that the pending warrant and detainer [for parole violation] adversely affect his prison classification and qualification for institutional programs. We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right. In *Meachum v. Fano,* 427 U.S. 215 [96 S.Ct. 2532, 49 L.Ed.2d 451] (1976), for example, no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a "grievous loss" upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process.

429 U.S. at 88, n. 9, 97 S.Ct. at 279, n. 9. As in *Moody,* we must recognize here the discretionary power of the Board, through authorization from the Legislature, to fix Swain's custody classification. He has not asserted or established that any cognizable due process violation occurred by virtue of the Washington detainer or his classification in respect thereto by the Department of Corrections. Absent such circumstance, neither this Court nor the courts below have any freedom to second-guess the Board or to exercise an independent prerogative in determining an appropriate classification for this inmate. Accordingly, we conclude the magistrate correctly dismissed Swain's application for a writ of habeas corpus and that the decision of the district court upholding the magistrate's order of dismissal must be affirmed.

Finally, we address the state's request for an award of attorney fees for responding to this appeal. The request is made under I.C. § 12–122.[1] This statute provides as follows:

> In any habeas corpus action brought by a state penitentiary or county jail inmate, the judge shall award reasonable attorney's fees to the respondent, if, in the judgment of the court, the habeas corpus action was brought frivolously by the petitioner.

> In all habeas corpus actions which result in a denial or dismissal of a writ of habeas corpus, the court shall make a specific finding whether or not the habeas corpus action was brought frivolously by the petitioner.

> For purposes of this section, "brought frivolously" shall mean that the petitioner petitioned the court for a writ of habeas corpus based upon claims which either had no basis in fact, or, even if the factual allegations were true, they did not, as a matter of law, justify any relief to the petitioner; provided, however, that the court, in its discretion, may determine that the action was not brought frivolously when the action involves a material issue of law that has not been settled by statute or by supreme court decision in this state.

■ Swain objects to the state's request upon two grounds. The first ground may be considered as a procedural challenge to an award of fees to the state. In this regard, he submits that the state did not request an award of fees in the proceeding

---

1. The state's claim is made solely under I.C. § 12–122 and not under I.C. § 12–121. *Compare Needs v. State,* 118 Idaho 207, 795 P.2d 912 (Ct.App.1990) (awarding attorney fees under I.C. § 12–121 on appeal in habeas corpus action). Under these circumstances it is unnecessary for us to decide which of the two statutes more appropriately applies to an appeal in a habeas corpus action; we limit our discussion only to I.C. § 12–122, the statute relied upon here by the state.

below but raises its claim for the first time on this appeal. Therefore, he argues, the question of whether his action is "frivolous" was not decided by the lower court and should not be considered by an appellate court. As his second ground, Swain contends that awarding fees in favor of the state and against an indigent inmate creates a chilling effect upon a petitioner seeking to exhaust all issues that can be raised in the state court before proceeding to the federal court, in violation of his constitutional right of access to the courts. Thus, this portion of Swain's argument suggests that even if the state otherwise would be entitled to an award of fees on appeal, the award should be denied upon a policy basis governed by constitutional rights.

We turn first to the alleged procedural impediment. Clearly, there is no language in I.C. § 12–122 prohibiting the state from asserting its claim for fees on appeal independent from a request for attorney fees for defending a frivolous action in the lower court. The question of entitlement to such an award on appeal could not have been adjudicated in the trial court before any appeal was commenced. Nor does the statute demonstrate that an award of attorney fees for defending an action found to be frivolous is a condition precedent to consideration of an award of fees on appeal from the trial court's disposition of the action. Therefore, it is immaterial whether the trial court was, or was not, asked to determine if the petition justified any relief to the petitioner. The determinative question on appeal is not whether the habeas corpus action presented frivolous matters or issues to the magistrate's court, but whether the subsequent appeal which was taken from the magistrate's decision was frivolous. The claim for fees on appeal was asserted by the state in its appellate brief in accordance with I.A.R. 35(b)(5) and thus, for appellate purposes, was properly raised.

With respect to Swain's argument about the "chilling effect," it is well established that reasonable limits may attach to the right of access to the courts. *See generally* 16A AM.JUR.2d *Constitutional Law* §§ 613 and 614, p. 557–61 (1979); *State v.*

*Harrold,* 113 Idaho 938, 750 P.2d 959 (Ct. App.1988). Arguably, the possibility of exposure to an award for the adverse party's legal representation in an action could discourage a litigant from bringing the action. However, the import of I.C. § 12–122 is limited in scope. It pertains only to actions that subsequently are determined to be frivolous. We need not decide at this juncture, however, whether discouraging frivolous actions is a reasonable limitation on the right of access to the courts because the record in Swain's case does not provide us with a basis to do so. There is no order making him liable for any of the state's fees or any commensurate showing that he has been inhibited from access to the courts as a result of such an order.

■ This is not to say, however, that we rule against Swain on the issue of attorney fees. Upon consideration of the merits of this appeal, in light of the language in I.C. § 12–122, we are convinced that Swain's appeal involved material issues of law that have not heretofore been settled by statute or by decision of the Idaho Supreme Court. Thus, even if I.C. § 12–122 stands as authority for us to exercise our discretion in determining whether to award attorney fees to the state on appeal, we conclude that such an award should not be made.

In conclusion, we affirm the dismissal of Swain's application for a writ of habeas corpus. No costs or attorney fees on appeal are awarded.

SWANSTROM, J., concurs.

SILAK, J., recused herself after submission of the case but prior to the issuance of the Court's opinion.