**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49534**

| | |
|---|---|
| STATE OF IDAHO,<br><br>       **Plaintiff-Respondent,**<br><br>v.<br><br>TYLER SHAWN CLAPP,<br><br>       **Defendant-Appellant.** | )<br>)  **Filed: October 5, 2022**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. Gregory K. Kalbfleisch, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming order denying motions to dismiss, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LORELLO, Chief Judge

Tyler Shawn Clapp appeals from a decision of the district court, on intermediate appeal from the magistrate court, affirming the magistrate court's order denying Clapp's motions to dismiss. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2001, Clapp pled guilty to misdemeanor driving under the influence. A little over a year later, Clapp admitted to violating the terms of his probation. In 2019, Clapp (acting pro se) moved to dismiss his case pursuant to I.C. § 19-2604. The magistrate court appointed counsel for Clapp but, for reasons that are not clear from the record, no hearing was held on the motion dismiss at

1

that time. Two years later, Clapp (again acting pro se) filed a second motion to dismiss, asserting that the magistrate court lacked jurisdiction to "hear a case that happened outside Ada County" and that "venue was improper." In addition, he again requested dismissal pursuant to I.C. § 19-2604. The magistrate court denied both motions to dismiss. Clapp appealed to the district court, asserting that, while mindful of contrary legal authority, the magistrate court erred. The district court affirmed. Clapp again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

Mindful of contrary legal authority, Clapp asserts the district court erred by affirming the magistrate court's denial of his two motions to dismiss. The State responds that Clapp waived his challenge to venue in Ada County by pleading guilty and that his admission to a probation violation disqualifies him from obtaining dismissal of his case under I.C. § 19-2604. We hold that Clapp has failed to show error in the denial of either of his motions to dismiss.

As the State correctly notes, a valid guilty plea waives all nonjurisdictional defects and defenses, including any defense of improper venue. *State v. Magill*, 119 Idaho 218, 219, 804 P.2d 947, 948 (Ct. App. 1991). The issue of which county within Idaho should be the situs for prosecution of a crime occurring in this state is not jurisdictional, but instead is a question of venue. *Id.* By entering a guilty plea, Clapp waived any defect in venue. Thus, Clapp has failed to show that the magistrate court or the district court erred regarding this issue.

2

Under I.C. § 19-2604, a trial court has discretion to dismiss a case under certain circumstances. Such relief, however, is unavailable if a defendant admitted to violating a term of probation. I.C. § 19-2604(1)(b)(i). Clapp's admission to violating his probation disqualifies him from obtaining dismissal under I.C. § 19-2604. Consequently, Clapp has failed to show that the district court erred in affirming the magistrate court's denial of his motions to dismiss.

## IV.

## CONCLUSION

Clapp has failed to show that the district court erred by affirming the magistrate court's denial of his two motions to dismiss. Accordingly, the decision of the district court, on intermediate appeal from the magistrate court, affirming the denial of Clapp's motions to dismiss is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.