900 P.2d 1363

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael C. BOOK, Defendant–Appellant.**

No. 21110.

Supreme Court of Idaho,
Idaho Falls May 1995 Term.

Aug. 17, 1995.

Stevan H. Thompson, Idaho Falls, for defendant-appellant.

Alan G. Lance, Idaho Attorney General; Michael Henderson, Deputy Attorney General, Boise, for plaintiff-respondent.

**ON THE BRIEFS**

TROUT, Justice.

Michael Book (Book) entered a plea of guilty to a charge of second degree murder for his role in the 1991 killing of Danny Disney (Danny). He now appeals from the entry of a judgment of conviction and the sentence imposed by the district court.

## I.

## BACKGROUND AND PROCEDURAL HISTORY

On June 23, 1991, police were called to the scene of a possible suicide at the Disney residence in Idaho Falls. There they found Danny dead from a bullet wound to his head. The record supports the following background to Danny's death and Book's subsequent prosecution.

Danny and his wife, Jeannie Disney (Jeannie), were having marital troubles and as a result of these problems, Jeannie decided to take the drastic step of poisoning her husband. She asked her daughter Vickie if Vickie could obtain a quantity of cocaine with which Jeannie hoped to treat her husband's food, thereby inducing a heart attack. Initially Vickie approached Book, who promised to obtain the cocaine, and later Jeannie contacted Book directly. Book told Jeannie that the cocaine would not work and ultimately agreed to kill Danny himself for a price of

$15,000. At the time of Danny's death, both Book and Jeannie were at the scene of the crime, although both denied responsibility.

On July 2, 1991, a grand jury returned an indictment charging Jeannie and Book with conspiracy to commit first degree murder, first degree murder, and an enhancement based on use of a deadly weapon. The grand jury was instructed that it could return an indictment based upon a finding of probable cause. Book filed a request for a preliminary hearing and a motion to dismiss the indictment. His request and motion were denied.

On April 10, 1992, Book entered a plea of guilty to first degree murder pursuant to a plea agreement which allowed his plea to be withdrawn if it were subsequently shown that another person fired the weapon which killed Danny. After Jeannie pled guilty to second degree murder, the trial court allowed Book to withdraw his plea. He then entered into a second plea agreement, with no conditions, and pled guilty to a charge of second degree murder. The district court imposed a sentence of ten years to life, and indicated that it was sentencing Book based upon his assistance in the murder. Book's subsequent motion for a reduction of sentence under I.C.R. 35 was denied.

## II.

## WHETHER THE DISTRICT COURT ERRED IN INSTRUCTING THE GRAND JURY THAT IT COULD RE- TURN AN INDICTMENT BASED ON A FINDING OF PROBABLE CAUSE

 Book first contends that the district court erred in instructing the grand jury that it could return an indictment based upon a finding of probable cause. The entry of a valid guilty plea ordinarily constitutes a waiver of all non-jurisdictional defects. *Clark v. State,* 92 Idaho 827, 452 P.2d 54 (1969). Although such issues can be preserved by entering a conditional plea of guilty reserving, in writing, the right to review any specified adverse ruling, I.C.R. 11(a)(2), Book did not enter a conditional plea. Therefore, he has not preserved the right to raise this issue on appeal.

## III.

## WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION IN IMPOSING SENTENCE

 Book argues that the sentence imposed by the district court was excessive and unreasonable considering the facts and circumstances of the case. If a sentence is illegal, there is no reason to pursue an analysis as to its reasonableness, and therefore determining the legality of the sentence is the first step in our review. *State v. Broadhead,* 120 Idaho 141, 144, 814 P.2d 401, 404 (1991). We treat the fixed portion of a sentence as the term of confinement for purposes of appellate review. *State v. Matteson,* 123 Idaho 622, 626, 851 P.2d 336, 340 (1993) (citing *State v. Kysar,* 116 Idaho 992, 783 P.2d 859 (1989)). In the present case, the trial court imposed a sentence of ten years fixed. As this is within the parameters of not less than ten years up to a maximum of life required under I.C. § 18–4004, the sentence is not illegal.

 Since the sentence is not illegal, Book has the burden of proving that it is unreasonable. *Broadhead* at 145, 814 P.2d at 405. When reviewing the reasonableness of a sentence, this Court determines whether the trial court abused its discretion. *Broadhead* at 144–45, 814 P.2d at 404–5. When imposing sentence in a criminal proceeding, the trial court applies the following four criteria: (1) the protection of society; (2) deterrence to the defendant and others; (3) the possibility of rehabilitation; (4) punishment or retribution. *Broadhead* at 146, 814 P.2d at 406. The general objectives in our review of a trial court's sentencing are:

(1) to correct the sentence which is excessive in length, having regard to the nature of the offense, the character of the offender, and the protection of the public interest;

(2) to facilitate the rehabilitation of the offender by affording him an opportunity to assert grievances he may have regarding his sentence;

(3) to promote respect for law by correcting abuses of the sentencing power and by increasing the fairness of the sentencing process; and

(4) to promote the development and application of criteria for sentencing which are both rational and just.

*State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).

■ Applying these standards to Book's case, we find that the trial court did not abuse its discretion when imposing sentence. The record reflects that the trial court discussed at length the factors reviewed in determining Book's sentence. The court took into account Book's age, his childhood, substance abuse, and current lifestyle of searching for instant gratification. The trial court also considered the protection of society, deterrence to the defendant and others, punishment, and rehabilitation. Given the seriousness of the crime and Book's background, we find that the trial court was justified in imposing a minimum fixed period of confinement of ten years with an indeterminate period of life in prison.

■ Book asks that we apply a proportionality analysis comparing Jeannie's sentence to his. He sets forth this argument attempting to show that his sentence is excessive and unreasonable in light of Jeannie's. Book's assertion is that his sentence should be less than Jeannie's because her actions in pulling the trigger were more culpable than any of his actions. This Court has stated that a disparity in sentences between co-defendants does not constitute excessiveness of sentence as to any particular defendant. *State v. Seifart,* 100 Idaho 321, 597 P.2d 44 (1979); *see also State v. Pena,* 121 Idaho 1032, 829 P.2d 1381 (Ct.App.1992). Contrary to the trial court's assertion that a proportionality analysis is required in all felony cases, we have stated that this analysis is applicable only in cases involving the death penalty or allegations of cruel and unusual punishment. *State v. Matteson,* 123 Idaho 622, 626, 851 P.2d 336, 340 (1993). Thus, Book's argument that we should engage in a proportionality analysis is without merit.

Based upon Book's background and the nature of the offense, we find no abuse of discretion in the sentence imposed.

## IV.

## WHETHER THE MOTION FOR REDUCTION OF SENTENCE PURSUANT TO I.C.R. 35 WAS PROPERLY DENIED

■ A motion to reduce sentence is essentially a plea for leniency, and the decision thereon is vested in the sound discretion of the sentencing court. *State v. Lavy,* 121 Idaho 842, 845, 828 P.2d 871, 874 (1992) (citing *State v. Martinez,* 113 Idaho 535, 746 P.2d 994 (1987)); *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). In reviewing a sentence under Rule 35, the same four criteria are applied as when reviewing the sentence for reasonableness. *State v. Martinez,* 113 Idaho 535, 536, 746 P.2d 994, 995 (1987).

■ At the outset the State argues that the trial court lost jurisdiction to reduce the sentence because it did not do so within 120 days from the date of entry of the conviction. I.C.R. 35. The record indicates that the defendant was sentenced in March 1993, with the ruling on the Rule 35 motion occurring in December 1993. While the trial court did exceed 120 days in entering a ruling, we have previously held that a trial court need not rule within 120 days or risk losing jurisdiction, and instead may have a reasonable time after the 120 days expires within which to rule. *State v. Matteson,* 123 Idaho 622, 627, 851 P.2d 336, 341 (1993); *State v. Chapman,* 121 Idaho 351, 825 P.2d 74 (1992). The Court of Appeals has held that a delay in ruling in order to receive additional information is not unreasonable. *State v. Brydon,* 121 Idaho 890, 828 P.2d 919 (Ct.App.1992).

Here, the record demonstrates that the trial court delayed ruling on the motion in order to give Book time to gather additional information, and then ruled shortly after the information was received. Thus, any delay in ruling was reasonable and the trial court did not lose jurisdiction to rule on the motion.

At Book's hearing on the Rule 35 motion, no new arguments were presented in support of the motion, but rather Book again asserted his sentence was excessive in light of Jeannie's. The trial court reviewed the record from the original sentencing, and once again considered the objectives of criminal punishment when denying the Rule 35 motion. Having found the original sentence reasonable, and with no arguments to the contrary presented at the hearing on the Rule 35 motion, we find that the trial court did not abuse its discretion in denying the motion.

## V.

## CONCLUSION

The judgment of conviction and sentence imposed by the district court are affirmed.

McDEVITT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.