936 P.2d 680

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert Dale KELCHNER,
Defendant–Appellant.**

**No. 22774.**

Supreme Court of Idaho,
Boise, February 1997 Term.

April 24, 1997.

Alan E. Trimming, Ada County Public Defender; John C. DeFranco, Deputy Ada County Public Defender, argued, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, argued, Boise, for respondent.

SCHROEDER, Justice.

Robert Dale Kelchner (Kelchner) entered a conditional plea of guilty to felony driving under the influence. Kelchner appeals the denial of a motion to dismiss charges against him.

**I.**

**BACKGROUND AND PRIOR
PROCEEDINGS**

On March 6, 1994, Kelchner was arrested and charged with misdemeanor driving under the influence of alcohol. I.C. § 18–8004. He failed to appear for his arraignment on April 8, 1994, and the magistrate issued a bench warrant for his arrest. Nine months later, on January 4, 1995, he was re-arrested. A jury trial was set for June 6, 1995.

On April 20, 1995, the State moved to amend the charges to reflect a felony charge based on two (2) predicate prior convictions. Kelchner had been charged with a DUI in November of 1985 but failed to appear resulting in a delay until May 10, 1990, when he pled guilty to that DUI and was sentenced.

Kelchner was charged in April of 1993 with another DUI but again his case was delayed as a consequence of his failure to appear. A judgment of conviction was entered against him for the 1993 DUI on April 6, 1995, approximately three months after his arrest for failure to appear on the present charge.

On April 20, 1995, the State filed an amended complaint in this case charging Kelchner with felony DUI, alleging that he had twice pled guilty to or been found guilty of DUI within the previous five (5) years. Kel-

chner made the initial appearance on this felony charge in the magistrate's division on May 11, 1995, without an arrest.

A preliminary hearing was held on July 13, 1995, and Kelchner was bound over to district court on the charge of felony DUI. The Information was filed July 14, 1995. On July 19, 1995, Kelchner was arraigned and pled not guilty. On December 11, 1995, Kelchner pled guilty pursuant to I.C.R. 11(d)(1)(c), reserving issues for appeal. On December 27, 1995, Kelchner moved to dismiss the Information, asserting that the Information was not filed within six (6) months from the date of his arrest on January 4, 1995. The district court denied the motion to dismiss.

On January 23, 1996, Kelchner moved to dismiss the charge pursuant to I.C.R. 48(a)(2). The district court denied this motion also.

At the sentencing hearing the parties signed a plea agreement in which Kelchner reserved the right to challenge the court's jurisdiction under I.C. § 19–3501 and the right to object to the sufficiency of the prior convictions. Kelchner has abandoned the objection to the prior convictions.

## II.

### KELCHNER WAS NOT DEPRIVED OF HIS RIGHT TO A SPEEDY TRIAL PURSUANT TO I.C. § 19–3501.

■ Section 19–3501 of the Idaho Code provides in part:

When actions may be dismissed.—The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:

1. When a person has been held to answer for a public offense, if an indictment or information is not found against him and filed with the court within six (6) months from the date of his arrest.

I.C. § 19–3501(1).

Section 19–3501(1) of the Idaho Code requires dismissal of the charge when no indictment or information is filed within six months of the defendant's arrest. Kelchner was re-arrested on January 4, 1995, on a

bench warrant for a March 6, 1994, misdemeanor DUI offense. He maintains that the six-month time limit in I.C. § 19–3501(1) should run from that time. Consequently, in his view the Information was filed six months and ten days after the arrest.

Section 19–3501(1) of the Idaho Code is applicable to cases in which an indictment or information is filed. Misdemeanors do not involve the filing of an indictment or information. Misdemeanor offenses are prosecuted based upon a complaint or citation. Misdemeanor Criminal Rule 3. Section 19–3501(1) was not applicable to the arrest in this case and was not even implicated until April 20, 1995, when Kelchner was charged with a felony.

## III.

### THE DISTRICT COURT DID NOT ERR IN DENYING KELCHNER'S MOTION TO DISMISS PURSUANT TO I.C.R. 48(a)(2).

■ Idaho Criminal Rule 48 authorizes the district court to dismiss a criminal case:

(a) Dismissal on motion and notice. The court, on notice to all parties, may dismiss a criminal action upon its own motion or upon motion of any party upon either of the following grounds:

. . . .

(2) For any other reason, the court concludes that such dismissal will serve the ends of justice and the effective administration of the court's business.

I.C.R. 48(a)(2).

■ This issue of whether the district court erred in denying Kelchner's motion to dismiss was not reserved for review on appeal in the plea agreement that was filed. Idaho Criminal Rule 11 provides:

(2) Conditional Pleas. With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty reserving in writing the right, on appeal from the judgment, to review any specified adverse ruling. If the defendant prevails on appeal, the defendant shall be allowed to withdraw defendant's plea.

I.C.R. 11(a)(2)[1]. The entry of a valid guilty plea ordinarily constitutes a waiver of all non-jurisdictional defects. *State v. Book*, 127 Idaho 352, 354, 900 P.2d 1363, 1365 (1995); *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969). However, non-jurisdictional defects can be preserved for appeal by entering a I.C.R. 11(a)(2) conditional plea of guilty, reserving in writing the right to review any specified adverse ruling. *Book*, 127 Idaho at 354, 900 P.2d at 1365. Failure to comply with this rule results in a waiver of any issues not properly reserved for appellate review. The denial of the motion to dismiss pursuant to I.C.R. 48(a)(2) is not properly before this Court.

## IV.

## CONCLUSION

The decisions of the district court denying the motions to dismiss are affirmed.

TROUT, C.J., and JOHNSON, McDEVITT and SILAK, JJ., concur.

---

1. The plea agreement entered into between the parties states that it is "proffered pursuant to I.C.R. 11(d)(1)(c)." The agreement then goes on to state the reserved issues, presumably pursuant to 11(a)(2).