IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket Nos. 40400 & 40741

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 715 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 18, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROMELIO ALVIN MARTINEZ, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for felony driving under the influence, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>; order denying motion for credit for time served, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Romelio Alvin Martinez, Jr., pled guilty to felony driving under the influence (DUI). I.C. § 18-8005(6). The district court sentenced Martinez to a unified term of ten years, with a minimum period of confinement of three years. Martinez filed an I.C.R. 35 motion and a motion for credit for time served, both of which the district court denied. Martinez appeals.

A.      **Sentence Review**

Martinez argues that the sentence imposed by the district court was excessive and an abuse of discretion in light of the mitigating factors present in his case. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-

1

51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## B.      Rule 35

Martinez further argues that the district court erred in denying his Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude that the district court did not abuse its discretion in denying Martinez's Rule 35 motion.

## C.      Credit for Time Served

Martinez contends that the district court erred in denying his motion for credit for time served prior to sentencing. Martinez was charged with felony DUI in September 2010. He left the state and a warrant was issued for his arrest. Martinez was arrested in California on the Idaho warrant on August 31, 2011. He did not waive extradition and he was subsequently served with a governor's warrant[1] on January 13, 2012, and returned to Idaho. Martinez eventually pled guilty to felony DUI and was sentenced on August 27, 2012, to a unified term of ten years, with a minimum period of confinement of three years. At that time, the district court credited Martinez with 228 days of time served for the time he was in custody for the instant offense from January 13, 2012, when he was served with the governor's warrant, to August 27, 2012, when his sentence was pronounced. Martinez moved for credit for time served from the date of his

---

[1]      *See* I.C. § 19-4507.

2

arrest in California, which the district court denied without a hearing. Martinez argues that the district court failed to credit him with an additional 136 days for the time he spent in jail in California from August 31, 2011, to January 13, 2012.

Whether a sentencing court has properly applied the law governing credit for time served to the facts of a particular case is a question of law, over which we exercise free review. *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993).[2] The award of credit for time served is governed by I.C. § 18-309 and provides, in part:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, *if such incarceration was for the offense or an included offense for which the judgment was entered.* The remainder of the term commences upon the pronouncement of the sentence . . . .

(Emphasis added.) The italicized phrase means that the right to credit is conferred only if the prejudgment incarceration is a consequence of or attributable to the charge or conduct for which the sentence is imposed. *Horn*, 124 Idaho at 850, 865 P.2d at 177; *State v. Hale*, 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct. App. 1989). Thus, there must be a causal effect between the offense and the incarceration for the incarceration to be "for the offense," as the phrase is used in I.C. § 18-309. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005).

The record in this case with regard to Martinez's arrest and incarceration in California is sparse. Apart from Martinez's own affidavit, the only indications of Martinez's incarceration in California from August 31, 2011, to January 12, 2012, are the criminal record summary included in the presentence investigation report (PSI) and a letter from an employee of court services sent to the district court in which the employee alleges that she spoke to a member of the jail staff where Martinez was housed in California, who allegedly stated that Martinez had local misdemeanor charges. Although unsworn and consisting of hearsay statements of unnamed jail staff in California, the district court apparently found this letter reliable and persuasive. Martinez's affidavit alleges that he was arrested in California on the arrest warrant issued in the

---

[2] The question of the actual amount of credit due is a question of fact, while the question of whether credit is due in a particular circumstance is a question of law. *See, e.g.*, *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006); *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005); *State v. Wilhelm*, 135 Idaho 111, 119, 15 P.3d 824, 832 (Ct. App. 2000); *State v. Brashier*, 127 Idaho 730, 738, 905 P.2d 1039, 1047 (Ct. App. 1995); *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993); *State v. Dorr*, 120 Idaho 441, 443, 816 P.2d 998, 1000 (Ct. App. 1991). This case deals with the latter.

instant case on August 30, 2011, and that he was continuously incarcerated until he was transported back to Idaho on January 31, 2012. However, his affidavit does not assert that the Idaho warrant was the only cause for his incarceration. Moreover, the mental health assessment in the PSI indicates that Martinez previously stated that he had been arrested in California for public intoxication, at which time it was discovered that he had a felony warrant in Idaho. Although Martinez's criminal record summary in the PSI does not show a California charge pending in August 2011, that is not definitive evidence of the lack of such additional charges. It is the appellant's responsibility to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Martinez has failed to provide sufficient evidence that his incarceration in California was solely for the instant offense. Based on the limited record provided, we cannot say that the district court erred in calculating Martinez's credit for time served. Thus, the record here is inadequate to substantiate Martinez's claim of error.

Martinez has not shown that his sentence was excessive or that the district court erred in denying his Rule 35 motion. He has also failed to show error in the district court's grant of credit for his time served in this case. Accordingly, Martinez's judgment of conviction and sentence, the district court's order denying Martinez's Rule 35 motion, and the district court's order denying Martinez's motion for credit for time served are affirmed.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**

4