# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44214

| | |
|---|---|
| JEREMY RAY WHEELER, | )  2017 Unpublished Opinion No. 310 |
| | ) |
| Petitioner-Appellant, | )  Filed:  January 12, 2017 |
| | ) |
| v. | )  Stephen W. Kenyon, Clerk |
| | ) |
| STATE OF IDAHO, | )  THIS IS AN UNPUBLISHED |
| | )  OPINION AND SHALL NOT |
| Respondent. | )  BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. David C. Nye, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Jeremy R. Wheeler, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Jeremy Ray Wheeler appeals from the district court's order denying his petition for post-conviction relief.  Wheeler asserts the district court erred in summarily dismissing Wheeler's claim that his trial counsel rendered ineffective assistance by failing to file a timely appeal from his judgment of conviction, thereby causing Wheeler to lose his right to appeal the district court's order denying his motion to suppress.  Further, Wheeler argues the district court erred in denying his motion to suppress.  The State argues Wheeler is unable to show a prima facie case of ineffective assistance of counsel because Wheeler did not preserve his right to appeal the district court's order denying his motion to suppress.  We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2014, Wheeler was charged with possession of a controlled substance, methamphetamine, Idaho Code Section 37-2732(c)(1), and being a persistent violator, I.C. § 19-2514.  Wheeler's counsel filed a motion to suppress, which the district court denied.  Wheeler

then pleaded guilty to possession of methamphetamine, with a second or subsequent offense enhancement, I.C. §§ 37-2732(c)(1), -2739. Wheeler filled out a guilty plea questionnaire, in which he indicated he was reserving his right to appeal the order denying his motion to suppress. At the change of plea hearing, the district court asked Wheeler if he was reserving his right to appeal the denial of the motion to suppress. Wheeler responded, "No." The district court accepted Wheeler's guilty plea.

On May 12, 2015, Wheeler was sentenced to a unified term of seven years, with three years determinate, and the court retained jurisdiction. Wheeler elected not to complete the rider, and on August 15, 2015, the court relinquished jurisdiction and executed the underlying sentence. Wheeler's trial counsel filed a notice of appeal on September 13, 2015, appealing the order denying the motion to suppress and the order relinquishing jurisdiction. However, the notice of appeal was timely only from the district court's order relinquishing jurisdiction. In an unpublished opinion, this Court affirmed that order. *State v. Wheeler*, Docket No. 43567 (Ct. App. June 1, 2016).

While the appeal was pending, Wheeler filed a pro se post-conviction petition, claiming his trial counsel had been ineffective by failing to: (1) timely appeal from Wheeler's judgment of conviction causing Wheeler to lose his right to challenge the denial of his suppression motion; (2) adequately represent Wheeler in the motion to suppress; (3) share evidence gathered from a private investigation; (4) contact witnesses; and (5) obtain Wheeler's perspective on the incident. The State filed a motion for summary disposition.

The district court granted the State's motion for summary disposition. As to Wheeler's first claim, the district court found that because Wheeler had an ongoing appeal challenging the order denying the motion to suppress, this claim on post-conviction should be dismissed. As to the remaining counts regarding ineffective assistance of counsel, the district court found the only facts stated in Wheeler's post-conviction petition related to the illegality of the search of his father's residence and Wheeler's subsequent arrest. As such, the district court concluded Wheeler's post-conviction petition did not contain any facts related to his claims of ineffective assistance of counsel. The district court also found Wheeler's remaining allegations regarding ineffective assistance of counsel contradicted the assertions made in Wheeler's guilty plea questionnaire, in which Wheeler indicated he was pleading guilty of his own volition, he understood what was happening, his constitutional rights had not been violated, he had sufficient

2

time to discuss his case with his attorney, and Wheeler was satisfied with his attorney's representation. Wheeler timely appeals.

## II.

### STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted

3

evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Wheeler alleges the district court erred in summarily dismissing his post-conviction petition. Although Wheeler's post-conviction petition to the district court raised five claims regarding ineffective assistance of counsel, Wheeler raises only one claim of ineffective assistance of counsel on appeal. That is, that his trial counsel's failure to timely file an appeal

from the judgment of conviction was ineffective assistance of counsel because the failure caused Wheeler to lose his right to appeal the denial of his motion to suppress. Wheeler also asks this Court to re-examine his motion to suppress based on additional evidence. The State argues Wheeler is unable to show a prima facie case of ineffective assistance of counsel because Wheeler did not preserve his right to appeal the district court's order denying his motion to suppress.

Idaho Appellate Rule 14(a) provides:

If, at the time of judgment, the district court retains jurisdiction pursuant to Idaho Code § 19-2601(4), the length of time to file an appeal from the sentence contained in the criminal judgment shall be enlarged by the length of time between entry of the judgment of conviction and entry of the order relinquishing jurisdiction or placing the defendant on probation; provided, however, that all other appeals challenging the judgment must be brought within 42 days of that judgment.

The enlargement of time provided by I.A.R 14(a) applies only to notices of appeal from the underlying sentence. In this case, the district court entered the judgment of conviction on May 12, 2015. The order relinquishing jurisdiction was entered on August 13, 2015. Wheeler filed his notice of appeal on September 14, 2015. Wheeler had forty-two days from the entry of the judgment of conviction entered on May 12, 2015, to appeal the denial of the motion to suppress. Because Wheeler did not file a notice of appeal challenging the order denying the motion to suppress within the forty-two days after the entry of the judgment of conviction, Wheeler's notice of appeal filed on September 14, 2015, was timely only to challenge the underlying sentence. Thus, the district court erred when it found Wheeler's claim that his trial counsel did not file a timely motion to appeal the denial of the motion to suppress was "patently false."

Nevertheless, if an order of the trial court is based on an erroneous legal theory, but is supported by a correct alternative legal theory, we will nonetheless uphold the trial court's decision. *Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996). The entry of a valid guilty plea constitutes a waiver of all non-jurisdictional defects. *State v. Kelchner*, 130 Idaho 37, 39, 936 P.2d 680, 682 (1997). Although such issues can be preserved by entering a conditional plea of guilty reserving the right to review any specified adverse ruling,[1] Wheeler did not enter a conditional guilty plea.

[1]     Idaho Criminal Rule 11(a)(2) provides:

5

Wheeler indicated in his guilty plea questionnaire that he was reserving the right to appeal the denial of the motion to suppress. However, at the change of plea hearing, the district court asked whether Wheeler was reserving his right to appeal the suppression issue and Wheeler responded, "No." Where there is a disparity between the oral pronouncement and written order, the oral pronouncement controls. *State v. Watts*, 131 Idaho 782, 786, 963 P.2d 1219, 1223 (Ct. App. 1998). Wheeler's statement at the change of plea hearing that he was not entering a conditional guilty plea resulted in relinquishing any challenges to his conviction. Thus, Wheeler did not reserve his right to appeal the order denying the motion to suppress. Because Wheeler has not preserved the right to raise this issue on appeal, Wheeler's trial counsel did not render ineffective assistance of counsel by failing to timely file a notice of appeal on this issue. The district court did not err in summarily dismissing this claim.

As noted above, in Wheeler's post-conviction petition to the district court, Wheeler claimed his trial counsel provided ineffective assistance of counsel by failing to: (1) timely appeal from Wheeler's judgment of conviction causing Wheeler to lose his right to challenge the denial of his suppression motion; (2) adequately represent Wheeler in the motion to suppress; (3) share evidence gathered from a private investigation; (4) contact witnesses; and (5) obtain Wheeler's perspective on the incident. On appeal, however, Wheeler argues only that the district court erred in summarily dismissing the first of the five ineffective assistance of counsel claims raised in his post-conviction petition--that his trial counsel was ineffective for failing to timely appeal from the judgment of conviction. A party waives an issue if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Because Wheeler has not argued to this Court that the district court erred in summarily dismissing the remaining claims, Wheeler has waived these arguments on appeal.

As to Wheeler's remaining claim on appeal, that the district court erred in denying his motion to suppress, the scope of post-conviction relief is limited. *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007). A petition for post-conviction relief is not a

With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty reserving in writing the right, on appeal from the judgment, to review any specified adverse ruling. If the defendant prevails on appeal, the defendant shall be allowed to withdraw defendant's plea.

6

substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010). The issue before this Court is the district court's order summarily dismissing Wheeler's petition for post-conviction relief, not whether the court erred in denying the motion to suppress. Accordingly, we decline to address the substantive merits of the motion to suppress.

## IV.

## CONCLUSION

Wheeler did not preserve the right to appeal the district court's order denying Wheeler's motion to suppress, and Wheeler did not challenge the district court's order on any other ground. The district court did not err in summarily dismissing Wheeler's post-conviction petition for ineffective assistance of counsel. We affirm.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.