932 P.2d 886

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gregory Shane ANDERSON, Defendant–Appellant.**

**No. 22618.**

Supreme Court of Idaho.
Boise, November 1996 Term.

Feb. 7, 1997.

Rehearing Denied March 19, 1997.

E. Scott Paul, Twin Falls, for appellant.

Alan G. Lance, Attorney General, L. Lamont Anderson, Deputy Attorney General, Boise, for respondent. L. Lamont Anderson argued.

McDEVITT, Justice.

## I.

## FACTS AND PRIOR PROCEEDINGS

Gregory Shane Anderson (Anderson) is appealing from the trial court's exclusion of evidence proffered at trial. This appeal is brought pursuant to a conditional *Alford* plea of guilty to the crime of Injury to Child, I.C. § 18–1501(1), entered by Anderson. Whereupon the condition of the plea is that Anderson preserves the issue of whether the trial court erred by excluding evidence of alleged subsequent acts committed by Stephanie VanGundy (VanGundy).

A two-part complaint was filed charging Anderson with Injury to Child, I.C. § 18–1501(1) and Aggravated Battery, which consisted of such excessive violent shaking of a three year old child that it caused retinal hemorrhaging and subdural hematoma. I.C. §§ 18–903 and 18–907(a). A preliminary hearing was held and an information was filed. A second amended information was filed charging Anderson with the above counts.

A jury trial was held from August 21, 1995 through August 24, 1995. At the conclusion of the State's case in chief, a motion for acquittal was made and denied. Counsel for Anderson proffered to the trial court evidence Anderson intended to present to the jury. The evidence in question pertained to the prior and subsequent acts of VanGundy, in dragging one of her children and throwing that child, as well as swinging a car seat containing a child, at Anderson. Anderson presented evidence supporting the argument that the prior and subsequent acts of Van Gundy complied with Idaho Rules of Evidence 404(b). The trial court ruled against Anderson, excluding the evidence. On August 24, 1995, Anderson elected to change his plea to guilty. The trial court accepted Anderson's guilty plea. Judgment of Conviction was entered November 2, 1995. Anderson filed a timely notice of appeal.

## II.

## THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY EXCLUDING EVIDENCE OF ALLEGED PRIOR AND SUBSEQUENT ACTS COMMITTED BY VANGUNDY, THE MOTHER OF THE INJURED CHILD AND A WITNESS FOR THE STATE

Anderson urges this Court that this appeal is taken pursuant to Idaho Criminal Rule 11(a)(2), *Alford* plea of guilty to the charge of Felony Injury to a Child, I.C. § 18–1501(1). Idaho Criminal Rule 11(a)(2) provides that "a defendant may enter a conditional plea of guilty reserving in writing the right, on appeal from the judgment, to review any specified adverse ruling." There was no "writing" entered into in this case to determine with specificity under the rule what was reserved by Anderson for appeal. This Court will sustain an appeal under Rule 11(a)(2) if we can determine the nature of the appeal and the right reserved for the appeal with specificity from the record.

At the sentencing hearing held by the trial court on November 2, 1995, the following colloquy took place:

MR. SEILLER: And as a result of the plea of guilty, the State and the defendant and the defendant's attorney, myself, agreed that the appropriate disposition under Idaho Criminal Rule 11(d)(1)(C) would be four years indeterminate, with two years determinate. And I believe—

THE COURT: For a total of six or a total of four?

MR. SEILLER: We went back and listened to it, and it was a—it's two years determinate and four years indeterminate is what the tape said. So I guess that would be a total of six, obviously.

THE COURT: Okay.

MR. SEILLER: Unified, with full restitution. And I believe those were the only terms of the agreement. It was an *Alford* plea. And a conditional plea, if I may add, regarding the admissibility—appealability of the admissibility of prior and subsequent bad acts under 404(b) of the victim's mother.

It is determinable with specificity that the prosecuting attorney and defense counsel entered into an agreement to recommend a sentence and to permit Anderson to plead guilty reserving the issue of admissibility of evidence rejected by the trial court which Anderson offered as "prior and subsequent bad acts under 404(b) Idaho Rules of Evidence of the victim's mother."

■ Idaho Rules of Evidence 404(b) provides as follows:

Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The theory of the defense in this case was that Anderson had not committed the acts of excessive, violent shaking of the child resulting in the serious injuries inflicted upon that child. On the second day of trial Anderson made an offer of proof explaining Anderson wanted to introduce three separate incidences of "bad acts" allegedly committed by VanGundy, the victim's mother. These acts all occurred at times other than February 2, 1994, the day of the injury, and were offered to demonstrate that VanGundy "had the opportunity and that her tendencies fit that profile of an abuser." This offer was rejected by the trial court. On the third day of trial, Anderson made a second offer of proof that reiterated his previous offer and included additional acts allegedly committed by VanGundy. Those were:

My offer of proof, for the record, is several-fold, but, one, that this past February what occurred is a situation where Stephanie VanGundy had swung a child carrier at Shane Anderson with a three—it's actually a three-and-a-half month old baby in it. Shane's sister took the baby out of the carrier, immediately took the baby away, and Stephanie swung it again and hit him in the face and punched him.... The other offer of proof consists of Teresa Tanner, who can testify that what she saw was Stephanie drag Rodney down the hallway by his arm and throw him from a doorway onto a bed.

The time of such events was inquired of counsel during his offer of proof, and he replied "[s]he knows the approximate date, and I'm not sure of that." The trial court ruled on this offer of proof: "Looking at Rule 404, the character evidence, it likewise does not come within rule 404, giving the situations where general character can be proved."

The State's case against Anderson was that he was the only one who had the opportunity to injure the child in the fashion the child was injured as he was babysitting that child the morning of the incident. The offer of proof by Anderson was designed to show that VanGundy had access to the child the evening prior to the morning the child was taken to the hospital, and, thus under Rule 404(b) was designed to show that VanGundy had a violent nature and since she was with the child the previous evening, as was Anderson, she likewise had the opportunity.

The offer of proof was not specific to any time of the prior acts of VanGundy and was not necessary to "opportunity" proof, which was the theory of Anderson's case. Admission of the evidence under Rule 404 would have had no probative value as to "opportunity" and therefore was not relevant.

To admit such "bad acts evidence" under Rule 404 it must be shown that the evidence was relevant to a material issue concerning the crime charged. Secondly, a determination must be made that the probative value of the evidence substantially outweighs the danger of unfair prejudice. *State v. Zimmerman*, 121 Idaho 971, 977–78, 829 P.2d 861, 867–68 (1992). This balancing process is within the discretion of the trial court. *Id.* In the course of the trial, it was learned that the act of swinging a "child carrier with a baby in it" at Anderson occurred almost one year after the date upon which the victim in this case was injured. There are no other times attributed to the offer of proof by Anderson.

Anderson never established relevance of the acts contained in his offer of proof to the issue of "opportunity" for VanGundy to have committed the act of injury to the victim.

### III.

### CONCLUSION

This Court affirms the judgment of conviction for injury to a child, a felony, entered by the trial court.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.