**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 45750**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 16, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DANIEL ALLEN CLARK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Judgment of conviction and sentence for possession of a controlled substance, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Daniel Allen Clark appeals from the judgment of conviction entered upon his guilty plea to possession of a controlled substance. Clark argues that the district court erred in denying his motion to suppress. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Clark was charged with possession of a controlled substance, misdemeanor possession of drug paraphernalia, and a persistent narcotics violator sentencing enhancement. The charges arose after police responded to various disturbance calls and a search of Clark's home revealed the presence of drugs. Clark filed a motion to suppress the evidence recovered from the house, arguing that the police officer's warrantless entry into his home was not constitutionally reasonable. Ultimately, the district court found that entry into the house was justified under the

1

emergency aid exception to the warrant requirement and denied Clark's motion. Thereafter, the parties entered into a plea agreement whereby Clark agreed to plead guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1). In exchange for Clark's guilty plea, the State agreed to dismiss the misdemeanor paraphernalia charge and the persistent narcotics violator sentencing enhancement. The district court sentenced Clark to a unified term of seven years with two years determinate and retained jurisdiction. Clark timely appeals.

## II.

## ANALYSIS

Clark argues that the district court erred in denying his motion to suppress the evidence found in his residence. In response, the State claims that (1) Clark waived his right to appeal because his guilty plea did not comply with the requirement of Idaho Criminal Rule 11(a)(2); and (2) Clark's claim fails on the merits. The entry of a valid guilty plea ordinarily constitutes a waiver of all non-jurisdictional defects. *Clark v. State*, 92 Idaho 827, 832, 452 P.2d 54, 59 (1969). However, non-jurisdictional defects can be preserved by entering a conditional guilty plea pursuant to I.C.R. 11(a)(2) which provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty, reserving in writing the right, on appeal from the judgment, to review any specified adverse ruling. If the defendant prevails on appeal, the defendant must be allowed to withdraw defendant's plea.

Failure to comply with this rule results in a waiver of any issues not properly reserved for appellate review. *State v. Kelchner*, 130 Idaho 37, 39, 936 P.2d 680, 682 (1997).

In this case, neither party presented the district court with a written plea agreement. Instead, Clark's counsel presented the plea agreement to the district court as follows:

| Court: | I believe the defendant previously was arraigned. The matter was set for trial, is that right, and now there's been I think a plea agreement reached? |
| --- | --- |
| Counsel: | There is, Your Honor. I'll put the terms on the record. |
| Court: | Sure. |
| Counsel: | If I miss one, I'm sure the state will correct me. In exchange for a plea of guilty in this matter, Mr. Clark will plead guilty to Part One of the Information, possession of heroin. The misdemeanor, Count Two, possession of paraphernalia, will be dismissed, as well as Part Two, habitual narcotics violator. There will be open recs on the sentencing. Any sentence to be given will [] run concurrent |

2

with his current case that he's on parole, and the state and the defense agree to waive a PSI in this matter.[1]

Thereafter, Clark's counsel notified the district court that Clark had not completed a guilty plea advisory form. As a result, the district court asked that Clark complete the form before the sentencing hearing. After the plea colloquy, the district court stated, "Okay. At this point I will conditionally find that the defendant's plea is knowingly, voluntarily, and intelligently made and accept the defendant's guilty plea conditioned on the later review of the Guilty Plea Advisory Form that I assume will be prepared for review by the sentencing judge." The parties proceeded to a sentencing hearing before a different judge. To begin the proceeding, the sentencing court stated:

> Can we take up the matter of State versus Daniel Clark? For the record this is Case No. CR 20017-6890. This is the time set for sentencing. He's pled guilty before Judge Carey, and the matter was set over to today's date with the idea that the presentence report from his 2013 case would be used. I've received that. I've reviewed that.

The district court continued by making remarks about the presentence investigation report, invited the parties to argue on their sentencing recommendations, and imposed Clark's sentence.

On the same day as the sentencing hearing, Clark filed a guilty plea advisory form. The record does not reflect whether the form was filed before or after the sentencing hearing. Within the form, Clark was asked a variety of questions. As relevant to the issue on appeal, Clark marked the line indicating "yes" in response to the following question: "Is this a conditional guilty plea in which you are reserving your right to appeal any pre-trial issues?" Clark marked the line indicating "no" in response to the following questions: (1) "Have you waived your right to appeal your judgment of conviction as part of your plea agreement?"; and (2) "Have you waived your right to appeal your sentence as part of your plea agreement?"

Based on those facts, the State argues that Clark's guilty plea did not meet the requirements of I.C.R. 11(a)(2) because Clark did not (1) get appropriate approval from the district court; (2) obtain consent from the prosecuting attorney; or (3) specify an adverse ruling from which he was reserving his right to appeal.[2] In response, Clark claims that his answers to

---

[1] As can be seen, the district court taking the plea was not advised that the plea was conditional so as to reserve a right to appeal.

the questions in the guilty plea advisory form provided the district court and the prosecutor with notice that his plea was conditional and, therefore, their acceptance is implied.

First, Clark asks this court to apply the "presumption of regularity" to the proceedings and conclude that the district court approved of Clark's indications in the guilty plea advisory form because his guilty plea was taken on the condition that the sentencing judge would review the guilty plea advisory form. Second, Clark cites to *State v. Peterson*, 148 Idaho 593, 597, 226 P.3d 535, 539 (2010) and argues that "given the significance of the Guilty Plea Advisory Form in this case, if the prosecutor believed Mr. Clark's guilty plea was *not* conditional as represented, the prosecutor had an affirmative duty to dispute or clarify the statement at that time; the prosecutor was not entitled to remain silent." Finally, Clark argues that although there is no indication in the record of a specified ruling for which Clark reserved his right to appeal, this Court can determine from review of the record that Clark was reserving his right to appeal the district court's denial of his motion to suppress because it was the only pretrial issue litigated in this case. We are not persuaded by Clark's arguments. Otherwise, the requirements of the rule become nearly meaningless.

We conclude that Clark did not enter a conditional guilty plea because he failed to comply with the requirements of I.C.R. 11(a)(2). There is no evidence that Clark obtained approval from the district court, consent of the prosecuting attorney, or specified an adverse ruling from which he was reserving his right to appeal. The parties did not provide a written plea agreement to the district court. In *State v. Anderson*, 129 Idaho 763, 765, 932 P.2d 886, 888 (1997), the Idaho Supreme Court relaxed the writing requirement of I.C.R. 11(a)(2) after Anderson's counsel stated, on the record, that Anderson's plea was conditional and he was reserving his right to appeal the district court's ruling on the admissibility of certain evidence. The Idaho Supreme Court concluded that, based on those particular facts, Anderson met the requirements of I.C.R. 11(a)(2) because it was "determinable with specificity that the prosecuting attorney and defense counsel entered into an agreement to recommend a sentence and to permit Anderson to plead guilty reserving the issue of admissibility of evidence rejected by the trial court." *Anderson*, 129 Idaho at 765, 932 P.2d at 888.

---

[2]  We assume without deciding that the answers in the guilty plea advisory form could be the writing required by Idaho Criminal Rule 11(a)(2). We note, however, that the rule contemplates a written agreement which should itself reflect the assent of the parties.

It is not determinable with any specificity that such agreement existed in this case. Clark's checking of certain boxes on the form after his plea was taken which was filed at some point in the sentencing process does not demonstrate an agreement by the prosecutor. As discussed above, Clark had the opportunity to explain the terms of the plea agreement to the district court on the record at the change of plea hearing. In doing so, Clark made no mention that his guilty plea was conditional or that he was reserving his right to appeal any issue. In fact, there was no reference, by the district court or either party, in any of the transcripts provided to this Court from the proceedings below to indicate that Clark's guilty plea was conditional.[3] Moreover, even if such an agreement existed, nothing in the record shows that Clark was reserving his right to appeal the district court's denial of his motion to suppress. *See State v. Manzanares*, 152 Idaho 410, 421, 272 P.3d 382, 393 (2012). Clark's reliance on the answers in his guilty plea advisory form, which may or may not have been filed before the sentencing hearing, do not meet the requirements of I.C.R. 11(a)(c). Additionally, the form does not specify the ruling to be reserved for appeal, and we do not agree that the district court or prosecutor would have been on notice that any reservation of appellate rights related to the motion to suppress such that they could have agreed thereto. Because Clark has failed to reserve his challenge for appeal, we need not address the merits of his challenge to the district court's denial of his motion to suppress.

### III.
### CONCLUSION

Clark failed to reserve his right to challenge the district court's denial of his motion to suppress. Therefore, Clark's judgment of conviction and sentence for possession of a controlled substance is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

---

[3] The acceptance of Clark's guilty plea conditioned on completion of the guilty plea advisory form does not represent an acceptance of the plea by the court or by the sentencing judge with a reservation of a right to appeal.