# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46479

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 19, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CALDWELL SCOTT McMULLEN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Barbara A. Buchanan, District Judge.

Appeal from judgment of conviction for possession of a controlled substance with intent to deliver, <u>dismissed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

———————————————————————————

LORELLO, Judge

Caldwell Scott McMullen appeals from his judgment of conviction for possession of a controlled substance with intent to deliver. McMullen argues that the district court erred in denying his motion to suppress. Because McMullen entered an unconditional guilty plea, his challenge is not preserved and his appeal is dismissed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

An officer stopped a vehicle McMullen was driving after observing it weaving between lanes and crossing the fog line. McMullen consented to a search of the vehicle. Prior to searching the vehicle, the officer frisked McMullen for weapons and discovered a bag containing

1

methamphetamine in McMullen's pants. A search of the vehicle revealed a brass pipe fitting containing what the officer believed was burnt marijuana.

McMullen was charged with trafficking in methamphetamine and possession of drug paraphernalia. McMullen moved to suppress the evidence discovered during the frisk, arguing that the officer lacked reasonable suspicion that McMullen was armed and dangerous. The district court denied McMullen's motion to suppress. Subsequently, as part of a plea agreement resolving both this case and an unrelated felony case, McMullen pled guilty to an amended charge of possession of methamphetamine with intent to deliver. I.C. § 37-2732(a)(1)(A). In exchange for McMullen's guilty plea, the State dismissed the possession of drug paraphernalia charge and agreed to recommend a specific sentence. Although McMullen completed a guilty plea advisory form, the terms of the plea agreement were not reduced to writing. McMullen appeals, challenging the denial of his motion to suppress, which challenge he asserts was preserved by a conditional guilty plea.

## II.

## ANALYSIS

McMullen argues the district court erred in denying his motion to suppress, asserting that the officer lacked reasonable suspicion to conduct a frisk for weapons. McMullen asserts this challenge was preserved by a conditional guilty plea, the terms of which can be discerned from the record. The State responds that McMullen waived his right to appeal the denial of his suppression motion because his guilty plea did not comply with I.C.R. 11(a)(2) and the record shows McMullen's guilty plea was unconditional. Alternatively, the State contends that McMullen's challenge to the denial of his suppression motion fails on the merits. We hold that McMullen waived the right to appeal the denial of his motion to suppress.

The entry of a valid guilty plea ordinarily constitutes a waiver of all nonjurisdictional defects. *Clark v. State*, 92 Idaho 827, 832, 452 P.2d 54, 59 (1969). However, a defendant may preserve the right to appeal nonjurisdictional defects by entering a conditional guilty plea pursuant to I.C.R. 11(a)(2). Idaho Criminal Rule 11(a)(2) provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty, reserving in writing the right, on appeal from the judgment, to review any specified adverse ruling. If the

defendant prevails on appeal, the defendant must be allowed to withdraw defendant's plea.

Failure to comply with this rule results in a waiver of any issues not properly reserved for appellate review. *State v. Kelchner*, 130 Idaho 37, 39, 936 P.2d 680, 682 (1997). Although I.C.R. 11(a)(2) requires conditional pleas to be in writing, the absence of a writing is not always fatal to a defendant's appeal. We will consider the merits of an appeal under I.C.R. 11(a)(2) in the absence of a writing if the record demonstrates the existence of a plea agreement permitting the defendant to appeal a specific issue. *State v. Anderson*, 129 Idaho 763, 764, 932 P.2d 886, 887 (1997).

Neither McMullen nor the State provided the district court with a written plea agreement. Thus, we must review the record to determine whether McMullen retained the right to appeal the denial of his suppression motion despite pleading guilty. The district court recited the plea agreement's terms on the record. Nowhere in the district court's recitation was there any indication that McMullen was reserving the right to appeal any pretrial rulings. McMullen also affirmed that he understood the plea agreement and made no mention that his plea was conditional. Moreover, the record demonstrates that McMullen did not reserve the right to appeal the denial of his suppression motion. After accepting McMullen's plea, the district court engaged in the following conversation with McMullen regarding his right to appeal:

| | |
|---|---|
| Court: | Mr. McMullen, I know this morning you were talking about--or your attorney was talking about maybe wanting to appeal. So I want you to understand that if you entered a plea today, when you actually plead guilty, you do give up your right to appeal the motion to suppress; do you understand that? |
| McMullen: | Yes. |
| Court: | I just want to make sure that was really clear for the record. |
| McMullen: | Actually, I thought that the two cases ran concurrent but they were separated, so the appeal in the one case didn't affect the [other] case. |
| Court: | Well, but once you plead guilty--when you plead guilty in a case, then you've given up your right to appeal anything that happened up to that time because you've said you're guilty, there isn't a trial, you know, and you're agreeing to the sentence. So I'm not really sure what you would appeal. |
| McMullen: | I guess I'm not sure--you said when the case is closed this morning, the appeal goes on after the case is closed. |

3

Court:   No, normally before you can file an appeal in a criminal case, normally you have to do what we did today, a judgment would be entered and then you can appeal. But when you're pleading guilty, then you're giving up your right to appeal unless you think the sentence was excessive. And we agreed to the sentence, so I don't know that you're going to appeal. That's all I am saying. I wanted to make sure you understood that.

McMullen argues that we should allow his appellate challenge because he pled guilty believing he had retained his right to appeal the denial of his suppression motion. In support of his argument, McMullen points to his premature attempt to appeal the denial of his suppression motion prior to pleading guilty[1] along with certain responses to questions on his guilty plea advisory form. In that form, McMullen marked the line for "yes" in response to the question: "Is this a conditional guilty plea in which you are reserving your right to appeal any pre-trial issues?" However, McMullen also marked "yes" in response to the next question which asked: "Have you waived your right to appeal your judgment of conviction as part of your plea agreement?" But McMullen marked "no" in response to the question asking whether he waived the right to appeal his sentence. McMullen then marked both "yes" and "no" in response to the next question asking whether he understood that his guilty plea would waive any factual or legal defenses. However, nowhere in the plea advisory form did McMullen specify any pretrial ruling that he was retaining the right to appeal, including nowhere in his recitation of the terms of the plea agreement. The only issue McMullen identified as being subject to appeal was his sentence.

We are not persuaded that McMullen's pre-guilty plea notice of appeal or his responses on the guilty plea advisory form are sufficient to demonstrate that his guilty plea was conditioned on a right to appeal the denial of his suppression motion. Even assuming McMullen held a good faith belief his guilty plea would not waive his right to appeal the denial of his motion to suppress, a defendant's subjective beliefs neither fulfill nor override the requirements of I.C.R. 11(a)(2). Moreover, to the extent McMullen now contends that his guilty plea was not knowing, voluntary and intelligent if his guilty plea was not conditional, the voluntariness of

---

[1]     Prior to pleading guilty, McMullen filed his notice of appeal in this case, identifying the lawfulness of the frisk as an issue on appeal. The appeal was conditionally dismissed for the lack of an appealable judgment or order. After entry of McMullen's judgment of conviction, the conditional dismissal was withdrawn, and McMullen pursued this appeal.

4

McMullen's plea is not an issue properly before this Court because he did not challenge the validity of his guilty plea in his opening brief, nor did he preserve such an issue in the district court by moving to withdraw his plea. *See State v. Clausen*, 163 Idaho 180, 183, 408 P.3d 935, 938 (Ct. App. 2017) (declining to address issue not raised or argued in opening brief); *State v. Green*, 130 Idaho 503, 506, 943 P.2d 929, 932 (1997) (declining to address validity of plea because defendant did not seek to withdraw the guilty plea in the trial court).

Based upon the record, we cannot conclude that McMullen entered a conditional guilty plea. The record does not show that McMullen obtained the district court's approval or the prosecutor's consent to enter a conditional guilty plea. McMullen's premature appeal and guilty plea advisory form do not demonstrate that he retained the right to appeal the denial of his suppression motion as part of his guilty plea. Neither the premature appeal nor the contents of the plea advisory form was discussed when McMullen pled guilty. Moreover, the transcripts from the trial court proceedings do not indicate that the district court or prosecutor believed McMullen was entering a conditional guilty plea; if anything, the record supports the opposite conclusion. Thus, we hold that McMullen waived his right to appeal the denial of his motion to suppress because his guilty plea did not comply with the requirements of I.C.R. 11(a)(2), and the record does not demonstrate that his plea agreement entitled him to appeal the denial of his motion to suppress.[2]

### III.
### CONCLUSION

McMullen failed to reserve his right to challenge the district court's denial of his motion to suppress. McMullen's appeal is therefore dismissed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

---

[2] Because McMullen waived his right to appeal pretrial motions, we need not address the merits of his arguments challenging the district court's denial of his motion to suppress.